Phillips v. Van Schaick & Wilcox.

PHILLIPS, admr., *et al.* v. VAN SCHAICK & WILCOX.

1. **Contract:** ACTION. If A purchases property of B, and, as a consideration, agrees to pay C a certain sum, the latter may maintain an action therefor against A on the promise; but it *seems* that if A agrees with B to purchase property of C, and to pay C therefor, the latter cannot maintain an action against A on the agreement.

2. —— CONSTRUCTION OF. Contract with the widow and heirs to purchase their interest in lands of the decedent at a price proportionate to a fixed value on the interest of all the heirs or for the whole land, the contract stating that " this agreement is made with the expectation and understanding" that the vendee will purchase the interest of all the heirs at such fixed value, as soon as an order of court can be obtained for that purpose. *Held,* that this was a mere expression of *intention* to purchase in the future, and not binding as a present covenant.

3. **Pleading:** PROOF MUST FOLLOW ALLEGATIONS. The proof must follow or correspond with the allegations, and evidence of a verbal contract, or of facts showing an estoppel of defendant to deny it, is not admissible in an action declaring on a written one.

4. —— ESTOPPEL. An estoppel must be specially pleaded to authorize evidence to establish it.

5. **Vendor and vendee:** SUFFICIENCY OF CONVEYANCE. To authorize a vendor to enforce his contract, he must show a tender or ability to convey a clear title.

6. **Amendment:** REFUSAL OF. The · refusal of an amendment offered on a second trial, and at a late stage of the proceeding, is not erroneous.

*Appeal from Marshall Circuit Court.*

THURSDAY, OCTOBER 9.

ACTION in chancery to foreclose a contract for the purchase of certain lands, prosecuted under Revision, sections 3671,

3672. The facts appear in the opinion. The court dismissed plaintiff's petition, and granted to defendants relief prayed for in a cross-bill filed by them.

Plaintiffs appeal.

*Brown & Sears* and *Boardman & Williams* for the appellants.

*Caswell & Meeker* for the appellee.

BECK, Ch. J. — In order to obtain a correct understanding of the points of law involved in this case, it is necessary to state with particularity the pleadings, and to set out the contract, which is the basis of the action.

1. CONTRACT.

The petition claims, under Revision, sections 3671, 3672, the foreclosure of the contract for the sale of certain land, of which plaintiffs are alleged to be the vendors. It is averred that the plaintiffs are respectively the widow, and heir, and the administrator of E. E. Phillips, deceased, who was seized of the lands involved in the suit, which, at his death, vested in the said widow and heir and four other heirs, who are minors. The land, being subject to certain incumbrances, and the estate indebted to the amount of $4,000, it was found necessary to sell all of the land, in order to satisfy the claims against the estate. " And " (in the language of the petition), " to that end Sylvia A. Phillips and Flora Burdell, the only adult heir, by advice and consent of the administrator, entered into a written contract with defendants, as follows." A copy of the instrument is then given in these words :

"*Article of Agreement* made and entered into this 3d day of April, A. D. 1871, between Sylvia A. Phillips and Flora Burdell, of the first part, and A. J. Van Schaick and William Wilcox, of the second part, *witnesseth :* That the said Sylvia A. Phillips and Flora Burdell, in consideration of the sum of $500 to them paid by the second party, the receipt of which is hereby acknowledged, and in further consideration of the

premises hereinafter stated, do hereby agree to sell to the said Van Schaick and Wilcox, all our right, title and interest in and to the following described lands in Marshall county, State of Iowa, to wit: The E. ½ of S. E. ¼, and S. ½ of N. W. ¼ of S. E. ¼, and N. E. fr. ¼, and N. ½ of N. W. ¼ of S. E. ¼ of Sec. 3, T. 83 N., R. 18 W., of the 5th P. M., containing 252 82-100 acres, more or less, and each of us will execute and deliver unto the said second parties good and sufficient conveyances in fee-simple, with usual covenants of warranty, of our respective interests in said premises upon payment of the balance of the purchase-money due us, or agreed to be paid thereon and in proportion to the value of our respective interest to $11,500 the whole value of said property; it being understood, furthermore, that the interest of said Sylvia A. Phillips *is her right of dower therein, and the interest of said Flora Burdell is that of one of five heirs to said property. And this agreement is made with the expectation and understanding that said Van Schaick & Wilcox will purchase the whole interest of all the heirs to said property as well as the interest of the parties hereinbefore named, and at the price of $11,500, as soon as an order of court can be obtained for that purpose;* said Van Schaick & Wilcox paying down the sum of $500 aforesaid of the purchase-money thereof; one thousand dollars to be paid within thirty days, and the balance (after deducting amount due on a certain mortgage to Burdett Wood, the payment whereof is to be assumed by said Van Schaick & Wilcox) is to be paid within sixty days with ten per cent interest; said second party to enter and take possession of said premises and to use and occupy the same with the understanding that the said Sylvia Phillips is to occupy the house and is to have the use of the garden and what small fruit she may want for her own use till the 15th of August, next. It is however expressly understood and agreed that nothing more or further of purchase-money is to be paid until the perfecting of the title to the premises hereinbefore mentioned to the said Van Schaick & Wilcox, to all of the above

described real estate ; providing, nevertheless, that in case it shall be determined *that title to the whole of said property cannot be made* to said Van Schaick & Wilcox, then the said Sylvia Phillips and Flora Burdell shall execute good and sufficient deeds to said Van Schaick & Wilcox, conveying their respetive interest, and Van Schaick & Wilcox shall pay them the *value of their respective shares and as their respective interests may bear to the whole sum agreed to be paid as aforesaid.* It is understood and agreed that one thousand dollars of the purchase-money is to be paid as soon as the title to the whole of said property is perfected, and the balance within sixty days thereafter.

Witness our hands the day and year first above written.

SYLVIA A. PHILLIPS.
FLORA E. BURDELL.
VAN SCHAICK & WILCOX.
(By A. J. VAN SCHAICK).

The substance of the other allegations of the petition is set out in the plaintiff's abstract in the following language :

" The petition then states terms of contract as set forth, and avers that the administrator, B. G. Phillips, was expected through the probate court, to procure the right to convey under the contract: That on the 4th day of April, 1871, defendants took possession in part under the contract, did work thereon, and occupied the premises for a time, and afterward left said premises without cause.

"And on the 1st day of June, 1871, Sylvia A. Phillips and Flora Burdell executed a good and sufficient deed of their interest in said premises to defendants, and on the 18th day of August, A. D. 1871, by direction and in pursuance of an order of the probate court held in Marshall county, Iowa, B. G. Phillips, as administrator of estate of E. E. Phillips, deceased, executed a good and sufficient deed for said premises to defendants, and the two deeds conveying a good title to said premises subject to said mortgage assumed by defendants, to Burdett Wood, and tendered said deeds to defendants

and demanded said purchase-money, and tendered possession of all of the premises, and fully complied with the contract. And bring said deeds into court for the use of the defendants, and afterward renewed the tender, and since August 18, _ ave been ready to comply with and now are ready to perform said contract.

" That defendants refused to accept said deeds or perform the contract or pay the balance of the purchase-money. Plaintiffs have procured, taken up and have possession of said Burdett Wood mortgage, and offer to pay off and cancel the same in case defendants desire. And there is due the plaintiffs $11,000 and ten per cent interest from the 3d day of April, 1871, less said Burdett Wood mortgage, and if not desired to be assumed, the whole of said sum.

" Plaintiffs pray that the contract be foreclosed and they have judgment for $11,000 and ten per cent interest from April 3d, 1871, and that said judgment be declared a lien on said premises, and the contract be foreclosed as a mortgage, a special execution issue for the sale of said premises, and a general execution for the balance fonnd insufficient."

The answer of defendants avers that they have no information or belief in regard to the death of E. E. Phillips, the estate left by him, the title of plaintiffs and others, alleged to be his heirs, thereto, and the necessity of a sale of the lands. They deny that plaintiffs executed good and sufficient conveyances therefor to defendants; that plaintiffs complied with the contract on their part, and all other allegations not admitted. They " admit the making of a contract with Sylvia Phillips and Flora Burdell, but not in terms as stated by plaintiffs in the petition, but as set out in defendants' answer as Exhibit 'A.'" The contract thus referred to is the same given in the petition and above copied.

Defendants then aver that they have kept and performed their part of the contract, and plaintiffs have not perfected the title to the premises described therein; that plaintiffs did not give possession of the lands; that they are incumbered with

liens other than the one named in the contract, and that there is an incumbrance of a right of way over them, and that plaintiffs have no right to sell the interest of the minor heirs. And it is alleged, that defendants, after waiting five months for plaintiffs to perform the contract, refused to take the lands, and demanded the repayment of the sum advanced by them.

Making the answer a cross-bill, defendants ask for judgment against Sylvia A. Phillips and Flora E. Burdell for the amount paid them on the contract, $500, with interest.

I. The main question, as we view the case, involves the construction of the contract, which is the foundation of the action, and thereby to determine whether defendants were bound to purchase the whole estate in the lands; that is, whether the contract may be enforced against them by the administrator, so that they will be liable on the contract for the price of the interest in the lands not held by Mrs. Phillips and Mrs. Burdell. The solution of this question will dispose of many points made by appellants' counsel. The task is not difficult, and may be accomplished briefly by the application of a few elementary principles of law.

In the first place, without determining that the administrator could bind the estate or himself officially, by a contract like the one under consideration, we will inquire whether, by the very terms of the instrument, or by any proper construction thereof, it may be interpreted as imposing an obligation upon the estate of the decedent, or the administrator, to sell and convey the lands therein described. The administrator, the official representative of the estate, is not a party to the contract; he is not named or referred to therein as such. He does not execute it, and there does not seem to be any intention expressed in, or that can be inferred from the instrument, that he was to do so. He is not, therefore, bound by its covenants. Certainly it cannot be claimed that any rules of construction will authorize us to hold that he is a party to and bound by the contract. We have never heard of the rules of construction of contracts being carried to the extent of discovering parties not named therein, not referred to and in no way connected

therewith, and holding them bound thereby. Counsel for appellants will hardly undertake to maintain that, upon the face of the contract, any action could be sustained to enforce the conveyance of the lands to defendants by the administrator. Neither will they claim that parol evidence will be admitted to show that a party not named or described in a contract, and who did not execute it, is bound by the instrument itself. The case would be different if it should be claimed that it was executed for him, in his interest and at his request. We conclude that the administrator is not bound by the contract sued on, to convey the lands. As between the administrator and defendants, then, there is no mutuality, and the instrument cannot be regarded as obligatory upon them.

The facts do not bring the case within the rule that when a promise is made to one party for the benefit of a third, the latter may maintain in his own name an action against the promisor. In such a case the consideration moves from the promisee to the promisor; the person who is to receive the benefit of the promisor's performance may well recover therefor. Thus, if A purchases property of B, and, as a consideration therefor, undertakes to pay C a given sum, C may recover. But this is not the case before us. It is this : A agrees with B to purchase of C land, and to pay C therefor a certain sum. There is no consideration moving from A to B, and neither is C the beneficiary of the contract. C, not being a party to it, is not bound by its terms, and it could not, therefore, be enforced against him, and, as it is wanting in mutuality, as between A and C, it could not be enforced against the former. Upon this view of the law, it is our opinion that the contract cannot be enforced by the administrator against the defendants.

II. We arrive at the same conclusion by the consideration of the very language of the contract. We fail to find therein any undertaking or promise on the part of defendants to purchase of the administrator. The language of the instrument is not that of a promise imposing an obligation upon defendants to contract with the admin-

2. —— construction of.

istrator. It is declared in the instrument that the contract "is made with the expectation and understanding that Van Schaick & Wilcox will purchase the whole of the interest of all of the heirs  *  *  * at the price of $11,500 as soon as an order of court can be obtained for that purpose." This is not the language of a covenant but rather the expression of an intention which is left to the option of defendants to be carried out. It cannot be understood as a covenant in the present, binding defendants to purchase, but the expression of an intention to do so at a future time, if it may be done.

III. These views dispose of several objections raised by appellants' counsel, and elaborately presented and ingeniously supported in their argument. The rulings of the court thus assailed were as follows: 1. The plaintiffs offered in evidence a deed of the administrator for the land to defendants and the proceedings of the proper court authorizing it. 2. They proposed to prove that defendants had given certain directions in regard to the institution of these proceedings, their form, etc.; and 3. To establish a tender of the administrator's deed. As we hold there existed, in fact, no contract between defendants and the administrator, the evidence showing compliance on the part of the latter with the terms of a contract which he claimed existed, under these rulings was properly excluded.

IV. It is claimed that evidence under the second ruling noticed above ought to have been admitted on the ground that it operated to establish an estoppel under which defendants could not refuse to accept a title prepared by their direction. But if we concede the evidence has the force claimed, it by no means follows that the estoppel would operate to prohibit defendants denying the contract upon which the action is brought. The facts are these: Plaintiffs are seeking to enforce a written contract for the purchase of lands; the court holds that the defendants were not a party to and are not bound by the contract sued on. Plaintiffs proposed to prove that defendants gave directions in

3. PLEADING.

matters pertaining to the conveyance of the lands to them, and claimed that they were therefore estopped from refusing to accept such a title as was procured by their direction. But this presents a different case than the one made by the petition. Plaintiffs claim in the petition that defendants are liable under the written contract; the position of counsel bases defendants, liability upon their acts without reference to the contract. This variance between the allegations and proof sufficiently justified the exclusion of the evidence. The matter claimed to operate as an estoppel, to authorize its admission in evidence, ought to have been pleaded. *Ransom & Co.* v. *Stanberry*, 22 Iowa, 334.

V. Evidence was offered tending to show that defendants were in possession of a part of the lands, but was not admitted. We see no error in this ruling. The fact, if established, could have no possible hearing upon the liability of defendants in this action. It would not tend to establish that defendants were bound by the contract.

VI. The court was justified in finding, from the evidence, that the interests of the parties to the contract, Mrs. Phillips and Mrs. Burdell, were so incumbered that they could not convey the lands as required by their covenants. Indeed, we do not understand that counsel for plaintiffs contest this position. They claim that the money arising from the sale of the land by the administrator would have been appropriated to the satisfaction of the liens upon the land, which would have been thereby discharged, and the property cleared of incumbrances. In this way they seek to establish that the land ought not to be regarded as incumbered as against the administrator's deed. It is not necessary to pass upon the correctness of this position. It is sufficient to remark that it does not apply to the interest of the two plaintiffs, who are parties to the contract, if the whole estate be not conveyed by the administrator. It is not claimed that their interest, if alone affected by and included in the contract, would be relieved of the incumbrance;

*4. VENDOR AND VENDEE.*

that can only be done by the sale of all the land by the administrator.

VII. During the progress of the trial and after plaintiffs' evidence had been introduced, the plaintiffs asked leave to 5. AMENDMENT. file at the time an amended petition. It sets out at great length all of the facts and circumstances of the case, and claims the relief asked in the original petition. The court refused to permit the amended pleading to be filed, and this action is assigned as error.

The right to amend is not an absolute and unconditional right, but is to be allowed under the sound discretion of the court in furtherance of justice. Under the peculiar facts of this case as disclosed by the abstract, we do not think there was an abuse of discretion in refusing to permit the amendment. The application was made at a late day, at a second trial, and would have entitled defendants to a continuance. The amended petition undoubtedly is vulnerable to objections which could have been made to it, and bases plaintiffs' right to recover upon grounds not set out in the original petition. The decision of the court upon this state of facts cannot be regarded as an abuse of judicial discretion.

VIII. The court having found that the plaintiffs, Mrs. Phillips and Mrs. Burdell, were unable to perform the covenants of their contract, properly rendered judgment against them on defendants cross-bill for the amount advanced upon the contract with interest.

IX. One or two points made by appellants in the assignment of error, we do not find have any support in the facts as presented by the abstract before us. It is not necessary to notice them further.

The judgment of the circuit court is

Affirmed.