[No. 493.   Decided April 24, 1893.]

WILLIAM WALKER, CYRUS WALKER AND D. B. JACKSON, *Respondents*, v. S. BAXTER, *Appellant*.

ESTOPPEL — PLEADING.

In an action by certain parties for the price of oats sold defendant, an answer by defendant that the plaintiffs sold him the oats not as individuals but in their corporate capacity as officers and stockholders of a mill company, and that he purchased the oats for more than the market price for the reason that said mill company was indebted to him, is not sufficient as a plea of estoppel, as it does not aver that defendant was induced to believe that the mill company was the owner of the oats by any statement, representation or act on the part of plaintiffs.

The facts constituting an estoppel must be specially pleaded in order to be available as a defense.

*Appeal from Superior Court, King County.*

*J. B. Metcalfe*, for appellant.

*Hughes, Hastings & Stedman*, for respondents.

The opinion of the court was delivered by

ANDERS, J.—This action was brought by the respondents to recover the purchase price of oats alleged to have

been sold and delivered by them to the appellant. The defendant denied that the plaintiffs were the owners of the oats, or that they sold or delivered the oats to the defendant, and for a separate and affirmative defense, by way of estoppel, alleged:

"At all the times herein mentioned the Puget Mill Company was an existing corporation, doing business as such corporation by virtue of the laws of the Territory of Washington, now continuing in force as laws of the State of Washington. And at all the times herein mentioned the plaintiffs, and each of them, were and they now are stockholders, officers and agents of the said corporation, and, as such agents, had and now have the charge, management and control of the business of said corporation. And on the 16th day of October, 1889, the said corporation, the Puget Mill Company, by and through its agent, William Walker, one of the plaintiffs herein, sold and delivered the oats referred to in said complaint to this defendant. And at the time of sale and delivery of said oats, the said corporation, the Puget Mill Company, was justly indebted to this defendant in the sum of $2,078.00, which indebtedness has never been paid, and, upon receiving the oats referred to in plaintiffs' complaint from said corporation, this defendant credited to said corporation upon account the amount of the purchase price of said oats, to wit: The sum of twenty-one hundred and fifty-four and $\frac{8}{100}$ dollars ($2,154.08). And the price which defendant agreed to pay for said oats in making purchase thereof was and is higher than the market at the time justified defendant in paying, and was and is higher than this defendant would have paid for said oats if he had not purchased the same from said mill company, which was then indebted to him as aforesaid."

To this affirmative defense the plaintiffs interposed a demurrer (which seems to have been treated as a motion to strike out), which was sustained by the court, and the cause proceeded to trial upon the issues raised by the denials in the answer, the result of which was a verdict and judgment for the plaintiffs.

The appellant insists that the court erred in sustaining the demurrer, for the reason that the facts stated in the affirmative defense were sufficient to constitute an estoppel *in pais*, and, if proved, would have been a complete defense to the action. But, in our judgment, the ruling of the court was indisputably correct and proper. The insufficiency of the pleading as an estoppel is patent upon its face. It nowhere avers that the appellant was induced to believe that the Puget Mill Company was the owner of the oats, by any statement, representation or act, made or done, by the respondents. Nor does the pleading contain any other allegation constituting an element of estoppel. See Bigelow on Estoppel (5th ed.), 556, 570. It is at most a mere argumentative denial of the allegations of the complaint, or, in other words, a statement of facts showing that those allegations are untrue.

At the trial, the appellant sought to introduce testimony, under his denials, tending to show an estoppel *in pais*, and he now claims that the court erred in excluding such testimony. We think the testimony was properly excluded. Under our system of pleading the facts constituting an estoppel must be specially pleaded in order to be available as a defense. Code Proc., § 194. And such is the rule generally in those states which have adopted the reformed procedure. See Bliss, Code Pleading, § 364; Boone, Code Pleading, § 67; *Warder v. Baldwin*, 51 Wis. 450 (8 N. W. Rep. 257); *Anderson v. Hubble*, 93 Ind. 570; *Phillips v. Van Schaick*, 37 Iowa, 229.

The instructions to the jury requested by the appellant were not warranted by the evidence, and were, therefore, properly refused; and those given, we think, fairly presented the law applicable to the case.

We perceive no error in the record, and the judgment of the court below is, therefore, affirmed.

DUNBAR, C. J., and HOYT, SCOTT and STILES, JJ., concur.