[No 2032.   Decided October 3, 1896.]

W. E. JACOBS, *Respondent*, v. THE FIRST NATIONAL BANK OF PUYALLUP, *Appellant.*

PLEADING — VARIANCE — ESTOPPEL.

In an action which seeks to charge defendant as assignee of a written lease for a term of years, plaintiff should be non-suited when there is no proof that the assignment was in writing.

Matter claimed to operate as an estoppel must be pleaded in order to authorize its admission in evidence.

Appeal from Superior Court, Pierce County.— Hon. W. H. PRITCHARD, Judge.   Reversed.

*John P. Hartman, Jr.*, for appellant.

*L. W. Hill*, and *H. G. Rowland*, for respondent.

The opinion of the court was delivered by

GORDON, J.—This appeal is from a judgment entered upon a verdict in favor of respondent (plaintiff) in the court below. The complaint is as follows:

"The plaintiff herein complaining of the defendants alleges:

"1. That the defendant herein is and at all times hereinafter mentioned has been a corporation, duly incorporated and existing under the banking laws of the United States, and doing business at the city of Puyallup, Pierce county, Washington.

"2. That the plaintiff herein on to-wit the 12th day of December, A. D. 1891, made, executed and delivered to one J. M. Ogle, then of the city, county and state aforesaid a certain lease to certain lands hereinafter described and a copy of which lease is hereto attached marked Exhibit (A) and made a part of this complaint.

"3. That on or about the 1st day of June, 1893, said J. M. Ogle transferred said lease to the defendant herein at which time said defendant took possession of said lands described in said. lease assuming the conditions and obligations of the said J. M. Ogle, as set forth therein.

"4. That according to the terms of the said lease, the said J. M. Ogle and by reason of the said assignment to the defendant herein the said defendant, became indebted to the plaintiff herein for the rent stipulated in said lease from the first day of March, 1893, to the first day of January, 1894, to-wit in the sum of five hundred dollars ($500.00) and interest from said first day of January, 1894, in the sum of five dollars ($5.00).

"5. That the lands herein described as being covered by said lease is as follows, 'Certain lands owned by said plaintiff known as bottom land and containing the buildings and improvements and containing twenty-eight acres more or less of the northeast quarter of section thirty-five (35) and twenty-six (26).

being in township number twenty north of range four east, W. M., Pierce county, Washington.'

"6. That the plaintiff herein consented to the said transfer from the said J. M. Ogle to the defendant herein, and from said date of transfer have looked to the said defendant for the rents as set forth in said lease.

"7. That there is now due from the defendant to the plaintiff herein the sum of five hundred and five dollars ($505.00) which said defendants refuse and neglect to pay although often requested so to do.

"Wherefore plaintiff prays that he may have judgment against said defendant and in his favor for the sum of five hundred and five dollars together with his costs and disbursements herein."

The lower court having denied a motion to make the complaint more definite and overruled a general demurrer thereto, the appellant answered, denying each and all of the allegations. Upon the trial which followed, it appeared that no written assignment of the lease had been made, and the court, over repeated objections on the part of appellant, permitted evidence to be introduced tending to show that appellant by its acts had led the respondent to believe that the lease had been assigned, and that it assumed the obligations of an assignee, and entered into possession and held the same for several months, during which time it removed the nursery stock thereon belonging to Ogle and sold the same for the purpose of applying the proceeds upon a debt owing to it by Ogle. A motion for non-suit was made and overruled, and this ruling having been duly excepted to, presents the principal question arising in the case.

It is urged by appellant that the respondent, having by its complaint sought to charge appellant as an assignee of a written lease for a term of years, was required to prove an assignment in writing; that an oral

assignment, if proved, would be within the statute of frauds and void, and that the respondent had failed to prove a sufficient cause for the jury. We think that the learned counsel for the respondent wholly fails to meet the objections. In his brief he says :

"The contract upon which this action was brought was not within the statute of frauds and was not re- quired to be in writing. It was a *promise made by the defendant* bank, not for the purpose of becoming a mere surety for Ogle, but for the purpose *of advancing its own interest that they might get possession of the nursery stock;* there was a consideration for the prom- ise; the use of the premises, plaintiff's forbearance to hold the stock for rent and allowing the defendant to take and remove the same. *Such an agreement is not within the statute of frauds but is an original contract.*"

We think counsel overlooks the fact that his com- plaint is not based upon any such contract as he here refers to. No offer or attempt was made to amend· the complaint, and as it is elementary that a party must prevail according to the case made by his plead- ing, or not at all, it follows that a non-suit should have been granted.

Respondent further contends that the acts of the appellant were such as to lead him to believe that an assignment in writing had in fact been executed by Ogle to the appellant, and that the appellant is es- topped to deny the assignment. To uphold this con- tention would be to permit a recovery upon a different case than that made in the pleading, and hold appel- lant liable for its acts without reference to the com- plaint. The rule is well settled that to authorize its admission in evidence the matter claimed to operate as an estoppel must be pleaded. *Phillips v. Van Schaick*, 37 Iowa, 229; *Walker v. Baxter*, 6 Wash. 244 (33 Pac. 426), and authorities there cited.

The judgment appealed from will be reversed and the cause remanded with instructions to the lower court to proceed in accordance with this opinion.

HOYT, C. J., and ANDERS, J., concur.

DUNBAR, J., dissents.