[No. 2902.   Decided November 23, 1898.]

INTERSTATE SAVINGS & LOAN ASSOCIATION, *Appellant,*
v. C. H. KNAPP *et al., Respondents.*

BUILDING AND LOAN ASSOCIATIONS—LOANS TO MEMBERS—CONTRACTS AGAINST PUBLIC POLICY — FORECLOSURE — PLEADING — ESTOPPEL— AMENDMENT OF PLEADINGS AFTER REVERSAL.

Contracts for loans between a building association and a member cannot be held void as against public policy, when the organization and method of doing business of such corporations is authorized by statutes.

In order to render proof admissible showing that, by the terms of the contract entered into by defendant with the agent of a building and loan association, the mortgage given to the association had been fully paid prior to suit, such special contract must be set up in the answer.

All the essential facts constituting equitable estoppel must be pleaded.

Upon foreclosure of a mortgage given by a member to a building and loan association, the note, mortgage and contract of membership should all be construed together as parts of the same transaction, in order to determine the liability of a borrowing member.

Where a cause is reversed and remanded for further proceedings not inconsistent with the decision on appeal, the matter of allowing amendments to the pleadings remains within the discretion of the trial court.

15—20 WASH.

Appeal from Superior Court, Snohomish County.—
Hon. FRANK T. REID, Judge.  Reversed.

*Shank & Smith,* for appellant.

*F. M. Headlee, Humes & Lysons,* and *Donworth &
Howe,* for respondents.

The opinion of the court was delivered by

REAVIS, J.—Suit was commenced by appellant to fore-
close a real estate mortgage executed and delivered to it by
respondents.  The note which the mortgage was executed
to secure was as follows:

"Minneapolis, Minn., March 25, 1891.  In considera-
tion of the sum of one thousand ($1,000.00) dollars, this
day loaned to me as a member of the Interstate Building
and Loan Association of Minneapolis, Minn., upon ten
shares of stock now held and owned by me in said associa-
tion, as evidenced by certificate of stock No. 3,092: Now,
therefore, I, the undersigned, hereby promise and agree to
repay to said Interstate Building and Loan Association,
on or before the maturity of said stock, the sum of
$1,000.00, with interest thereon at the rate of six per cent.
per annum and seven per cent. premium per annum, both
interest and premium payable monthly on or before the
tenth day of each month, commencing April 10, 1891.
Principal, interest, and premium payable in current funds
at the office of the said Interstate Building and Loan Asso-
ciation, Minneapolis, Minn."

The mortgage contained the stipulation that it was
"given to secure an advancement made by the said second
party on ten shares of stock now owned by said C. H.
Knapp in said Interstate Building and Loan Association,
the monthly payments on which amount to $7.50 per
month, which payments (together with any fines) said
Knapp further covenants and agrees to make as they shall
become due until said stock shall attain the par value of

$100 per .share." Appellant, as its name indicates, is a
building and loan association incorporated under the laws
of the state of Minnesota, and authorized to do business in
this state. The statutes of Minnesota relating to building
and loan associations are similar to the statutes of this
state upon the same subject, found in Bal. Code, tit. 23,
ch. 6 (1 Hill's Code, tit. 18, ch. 8). The evidence sub-
mitted to the superior court on the part of the appellant
was respondent Knapp's application for stock and loan,
certificate of stock, and assignment thereof to appellant,
the note and mortgage, appellant's by-laws, session laws
of Minnesota, and a transcript of respondent's account
taken from appellant's books, which, by agreement, was
treated as the original book account, and also deposition
of appellant's secretary verifying the account and by-laws,
and explaining the method of crediting payments under
the heads of loan fund, expense, interest, premium, and
fines, the state of the account, the amount of arrearage,
and also statement of some payments of premium on insur-
ance. The complaint filed by appellant was an ordinary
one for the foreclosure of the mortgage, which was set out,
and default in the terms of the contract was alleged. Re-
spondents filed their answer, denying the default in the
terms of the contract in suit, and also alleging payment
to appellant of the amounts due under the contract. The
superior court found as a conclusion of law that the appel-
lant was entitled to no relief, and that appellant had been
fully repaid for all sums of money advanced by it to Knapp
on said stock, note, and mortgage, and there was nothing
due and owing by the defendants, or either of them,
thereon. The court further found as a fact that appel-
lant's claim was unjust, unconscionable, and inequitable,
and should not be enforced in a court of equity; that the
whole scheme of the appellant association was fraudulent,
and designed to defraud the borrowing member for the

benefit of the non-borrowing. Judgment for costs for respondents was entered.

The findings of fact do not sustain such conclusions of law. Respondents, in their answer, admitted the execution of the mortgage and note, stock subscription, and membership in the association. The appellant association, from the evidence it has submitted, seems to conform to the statutes of this state in its organization and its by-laws. The organization of such corporations, the terms of their membership, and the relations of the members to each other and to the corporation, and the terms upon which such corporations shall transact business within the state, are solely within the province of the legislature, and are controlled by its views of public policy; and in the enforcement of contracts between a building and loan association and its members the court will be controlled by the law of the state as given by the legislature, and the judiciary can neither revise nor suspend the operation of such laws duly enacted. The findings of fact in the record here show that certain representations were made by an agent of appellant to respondents, and upon which respondents relied, that varied the effect of the written contract; that under the representations made by the agent of appellant the amount due upon the note and mortgage was paid before the commencement of the suit; and also that the agent exhibited to respondents a prospectus of appellant, which authorized such representations; and it is doubtless upon this finding that the conclusion was reached that the amount due was paid. But we are at a loss to perceive how such finding of fact is responsive to any issues raised by the pleadings in the case. Testimony of a nature to support such finding was, at the trial, tendered by the respondents, and, over the objection of appellant, received by the court. Such testimony could only tend to prove either a special contract made by the agent of appellant

with respondents, or else to show facts which would constitute an estoppel *in pais*. If intended to establish a special contract, it is elementary that such contract must be set up in the answer. It has been frequently determined by this court that all the essential facts constituting equitable estoppel must be pleaded. *Walker v. Baxter,* 6 Wash. 244 (33 Pac. 426); *Huggins v. Milwaukee Brewing Co.,* 10 Wash. 579 (39 Pac. 152); *Jacobs v. First National Bank,* 15 Wash. 358 (46 Pac. 396). The admission of the evidence referred to, tendered by respondents, was clearly error, for which the judgment must be reversed.

The note, mortgage, and contract under which respondent Knapp became a member of the appellant corporation are all to be construed together as parts of the same transaction. Knapp was a debtor to the corporation for the money borrowed by respondents. He was, as a member of the corporation, a creditor to the extent of the value of his stock. As a mortgagor, he was a borrower; as a stockholder, he was an investor. Counsel for respondents seem to support the conclusion of the superior court by the case of *Interstate Sav. & Loan Association v. Cairns,* 16 Wash. 215 (47 Pac. 509), and their contention is that the case cited is decisive of the one at bar. But there is a material difference in the facts presented to this court by the two cases. In the case cited the note for which the mortgage was security was payable sixty-six months after date. In the case at bar the principal of the note is, by its terms, payable on or before the maturity of the stock. Also, in the case cited, the defendants affirmatively set up in their answer the representations made by the agent of the loan company inducing them to take the loan, which representations were held by the superior court to constitute an equitable estoppel. It was said by this court in that case:

" The defendants, according to the undisputed testimony, borrowed this money on the representations of an

agent of the plaintiff; the obligation which they signed was properly construed by the court; and the method of computation that was adopted was the method which carried out the intention of the parties to the contract."

In view of the different theories presented by counsel for appellant and respondents here, and the failure of specific findings upon the evidence properly introduced in the superior court, the case is remanded for further proceedings not inconsistent with this opinion.

Scott, C. J., and Anders, Dunbar and Gordon, JJ., concur.

OPINION ON REHEARING, JANUARY 23, 1899.

Reavis, J.—Appellants have requested that the opinion heretofore filed in this cause reversing and remanding it to the superior court be made more specific relative to the right of that court to allow amendments to the pleadings. The opinion filed directed such further proceedings in the superior court as were not inconsistent with the decision here. The cause was thus remanded with the question of the amendments of pleading submitted to the original discretion of the superior court, and it would perhaps be improper for the court in this case by intimation to attempt to control such discretion of the superior court. With this further statement in addition to the opinion, the petition for rehearing is denied.

Gordon, C. J., and Dunbar and Anders, JJ., concur.