[No. 3231. Decided April 1, 1899.]

THE STATE OF WASHINGTON, *on the Relation of Henry Holgate*, v. SUPERIOR COURT OF PIERCE COUNTY *et al.*

21 33;
27 399.

21 33
33 512

TRIAL—CONCLUSIVENESS OF VERDICT—PROHIBITION—WHEN LIES.

Where plaintiff's death had been put in issue by the pleadings, but no evidence submitted thereon, a verdict for plaintiff disposed of the issue; and, where the court, subsequent to verdict, undertakes to permit the question of plaintiff's death to be tried, prohibition will lie to restrain its action.

*Original Application for Prohibition.*

*E. E. Cushman, F. W. Cushman,* and *C. E. Claypool,* for relator.

*Murry & Carroll,* for respondents.

The opinion of the court was delivered by

GORDON, C. J.—Application for prohibition to the superior court of Pierce county. The petition for the writ shows that in October, 1895, an action was commenced by the relator against Samuel Parker and J. P.

Kirby, to recover the value of certain personal property alleged to have been wrongfully converted. The trial resulted in a judgment in plaintiff's favor, which was substantially reversed by this court. *Holgate v. Parker,* 18 Wash. 206 (51 Pac. 368). Thereafter the defendants obtained leave to amend their answer, and in their amended answer alleged that the plaintiff had died subsequent to the commencement of the action. In addition to this plea, the answer contained a general denial of the allegations of the complaint and affirmative matter going to the merits of the action. After his demurrer to the answer had been overruled, the plaintiff filed a reply denying the allegation of death, as well as the other allegations of new matter. In December, 1898, a trial was had and a verdict returned in plaintiff's favor. Subsequently a motion for a new trial was made and overruled. Thereupon the plaintiff moved for judgment upon the verdict, and the defendants moved to vacate the verdict and to suspend further proceedings, upon the ground that "the plaintiff was dead at the time the verdict was rendered and had been dead for a long time prior thereto." To the consideration of this latter motion plaintiff's counsel objected, and asked to have it stricken, which the court denied, and proceeded to fix a time for the hearing and trial of the question of plaintiff's death. It is this proposed action which the relator seeks to have prohibited.

The case was submitted upon respondents' demurrer to the petition. We are of opinion that the writ should issue. Under the common law system of pleading, a plea of abatement was required to precede a plea in bar. By the entry of the latter plea the former was deemed waived, the reason for this being that, by contesting the merits of plaintiff's claim, a defendant was deemed to have waived any objection to the mode of procedure which plaintiff was pursuing. By the adoption of the code a simple and uniform mode

of pleading was inaugurated, without distinction as to actions legal or equitable. The system established by it was intended to be exclusive, and that of the common law has disappeared. Under the code, the pleading upon the part of the defendant is restricted to the demurrer and answer. No intermediate or additional plea is permitted, and all matters, whether in abatement or in bar, should be united in the same answer. *Thompson v. Greenwood,* 28 Ind. 327; *Sweet v. Tuttle,* 14 N. Y. 465.

If the objection to the complaint appears upon its face, defendant's remedy is to demur. Failing to do so, he is deemed to have waived the objection. If the objection is not disclosed by the complaint, then the remedy of defendant is to set it up by answer. In the present case it was the right of the defendant to couple with the plea of plaintiff's death a plea to the merits of the action, and it would have been proper for either party, or for the court upon its own motion, to have required a special finding from the jury upon the question of plaintiff's death, in addition to the general verdict. If the finding had been that the plaintiff was dead, such finding would have controlled the general verdict and suspended proceedings until an administrator or other representative of the plaintiff had been appointed. In the course of the oral argument in this court, it was asserted by respondents' counsel, and admitted by counsel for the relator, that there was no evidence submitted to the jury upon the question of the death of plaintiff. That circumstance cannot affect the conclusion. The verdict disposed of the issue, and the same consequence must flow from an abandonment of it as would flow from any other. In this connection it is to be noted that the contention of the defendants is, not that the plaintiff has died since the answer was put in; on the contrary, it is merely an attempt to revive an issue which was disposed of by the verdict, or abandoned at the trial.

We think the court was without jurisdiction to entertain the motion. Having overruled the application for a new trial, plaintiff was entitled to a judgment upon the verdict, and the writ must issue.

FULLERTON, DUNBAR, REAVIS and ANDERS, JJ., concur.