[No. 3866.   Decided February 21, 1902.]

JOHN H. GAY, JR., *Appellant,* v. SAMUEL G. HAVERMALE *et al., Respondents,* STATE LOAN AND TRUST COMPANY *et al., Appellants.*

FRAUDULENT CONVEYANCES — ACTION TO SET ASIDE — DEFENSE OF LACHES — HOW RAISED.

In an action by a judgment creditor to set aside a fraudulent conveyance, laches as a ground of demurrer cannot be inferred from the fact that the complaint shows the lapse of nearly eight years between the perpetration of the fraud and the commencement of action thereon, where the complaint negatives the bar of the statute of limitations by showing the absence of defendants from the state, but the facts constituting laches must be pleaded as an equitable defense in the answer in order to yield relief on that ground to defendants.

SAME — FINDING OF LACHES — SUFFICIENCY OF EVIDENCE.

The fact that judgment creditors had knowledge of a conveyance by their debtor for a period of seven years before action to set it aside, and could by the use of ordinary diligence have discovered the fraud at any time during said period is not of itself sufficient to establish laches, when there are no facts in evidence imputing inequity to plaintiff or implying injury to defendants because of the delay.

SAME — APPEAL — FINDINGS — PRESUMPTION OF SUPPORT BY EVI-
DENCE.
The rule that facts within the issues, not expressly found, are
presumed to have been in accordance with the judgment is in-
applicable to support a decree against plaintiff on the ground of
laches, which recites it is based on the findings and the evidence,
when the issue of laches was not raised by the defendants' an-
swer.

Appeal from Superior Court, Spokane County.—Hon.
WILLIAM E. RICHARDSON, Judge. Reversed.

*R. L. Edmiston, J. O. Cull* and *A. E. Gallagher* (*Wil-
liam T. Birdsall,* of counsel), for appellants.

*Graves & Graves* (*James Dawson* and *Hyde, Latimer &
Barnes,* of counsel), for respondents.

The opinion of the court was delivered by

REAVIS, C. J.—Suit brought by appellant Gay, a judg-
ment creditor of the respondent Samuel G. Havermale, to
cancel and set aside as fraudulent a deed to certain realty
in Spokane county, executed by Havermale to his wife, the
respondent Elizabeth Havermale. The appellants, State
Loan & Trust Company and First National Bank, were
joined as defendants under allegations that they were
judgment creditors of S. G. Havermale and claimed an
interest in the realty described in the deed. They admit-
ted the allegations of the complaint, and filed separate
cross-complaints in effect similar to the complaint. The
respondents Havermale demurred separately to the com-
plaints, which demurrers were overruled. There was a
trial, findings of fact were filed by the court, together
with the conclusions of law thereon, and decree entered
dismissing the case at the cost of complainants, and de-
claring the realty described in the deed, the subject of the
controversy, the separate property of the respondent Eliz-

abeth Havermale. Plaintiff and cross-complainants have appealed from the decree.

The record brought here consists of the pleadings, the findings of fact, the conclusions of law, and the decree. All the substantial allegations contained in the respective complaints may be grouped together, and the case viewed as the facts stated together by each complainant. It is alleged that each of the complainants had theretofore recovered judgments against S. G. Havermale, which had been renewed in Spokane county; that such judgments were recovered upon community liabilities of Havermale and wife, existing before the conveyance, and that the realty described in the deed was, before the conveyance, the separate property of S. G. Havermale; that about the 15th of May, 1891, the respondent S. G. Havermale executed a deed conveying the realty described therein to his wife, the respondent Elizabeth Havermale; that such conveyance was voluntary and without consideration, and that Havermale and wife were at the time greatly indebted, and had not sufficient community property to satisfy the community creditors, and there was no other separate property belonging to S. G. Havermale; that such deed was made with the intention of hindering, delaying, and defrauding their creditors, and was recorded on the 16th of December in the year 1891. It is further alleged that complainants had no knowledge of the execution and purpose of the deed until less than three years before the commencement of the suit; that no further or other conveyance of the said realty has since been made by either Havermale or wife; that plaintiffs did not know of or discover the real facts concerning the deed, or the consideration therefor, or any of them, until within less than three years before the commencement of this suit, and that the fraud-

ulent intent and design of respondents Havermale were
unknown to the complainants until within less than three
years last past; that during all the time between 1889
and 1897 the respondents were residents of the state of
California and absent from the state of Washington, and
that respondent S. G. Havermale was in the state of
Washington only a few times, and for short periods of
time, between the years 1889 and 1897. The respondents
demurred on three grounds: (1) That the complaint and
cross-complaints did not state facts sufficient to constitute ·
a cause of action; (2) that it appeared upon the face of
the cross-complaints that the action had not been com-
menced within the time limited by law; (3) that the com-
plainants were guilty of laches in the prosecution of the suit.
The demurrers were overruled, and respondents preserved
an exception to the ruling. Respondents then answered,
denying the material allegations of the complaint, and par-
ticularly the insolvency of the respondents at the time of
the execution of the deed in 1891; denying that the obli-
gations which were the foundation of the judgments of
complainants were community liabilities; denying that the
deed executed was colorable or fraudulent; and setting up
as a defense the statute of limitations. But laches in the
commencement of the suits was not pleaded in the answers.

1. There are forty findings of fact. The findings upon
the material issues were that the realty described in the
deed was before its conveyance community property, and
that the liabilities upon which the respective judgments of
complainants were founded were community liabilities. The
twenty-seventh finding of fact is, in substance, that by the
execution of the deed of May 15, 1891, the then existing
creditors of the defendant Samuel G. Havermale and of
the community of himself and wife were hindered and

delayed in the collection and enforcement of their debts, claims, and demands existing against the defendant Havermale individually and against the community. Although a finding of intentional fraud in the execution of the conveyance was requested by appellants, it was not given. The fortieth finding is as follows:

"The judgment of plaintiff Gay was obtained in California on October 4, 1895, and on suit on that judgment a judgment was obtained in this court September 12, 1898. The judgment of defendant the State Loan & Trust Company was obtained in the state of California May 19, 1892; and on that judgment a judgment was entered in this court October 19, 1892, and the same was revived by proceedings thereon under the Revised Statutes of this state resulting in a judgment of revivor in this court September 12, 1898. The judgment of defendant the First National Bank of Chicago, Illinois, was obtained in California in May, 1892, and the same was sued on in this court, and judgment entered thereon September 2, 1892. Thereafter, and on August 25, 1898, a judgment of revivor of said judgment was entered in this court under the statute of revivor of this state. With the exception of said proceedings, the several judgment creditors above named took no steps to enforce their respective judgments against the land in question or otherwise till the commencement of this suit in May, 1899. The deed in question was recorded in the county auditor's office of Spokane county, in this state, on December 16, 1891. From some time in the year 1892, the said several judgment creditors had actual notice of said deed, and both the defendant judgment creditors had executions levied on the land in question in 1892, and thereafter released the same voluntarily. In 1892, and thereafter at all times till the commencement of this suit, the said several judgment creditors had all means of information concerning this transaction that they now have. That by the use of ordinary diligence all facts now claimed could have been discovered in 1892, or at any time thereafter. Said .

several judgment creditors, so far as the testimony shows, made no investigation of the transaction in question, and did nothing whatever in the premises till this suit was commenced."

As conclusions of law the court determined that the deed executed by Havermale to his wife was and is fraudulent and void as to the complainant and the cross-complainants; that the complainant and the cross-complainants each have been guilty of laches sufficient to bar them from relief in this suit; that the realty sought to be subjected to the judgments of complainant and cross-complainants was community property until the execution and delivery of the deed on May 15, 1891, when it became and is now the separate property of respondent Elizabeth Havermale; that the decree should dismiss the suit and affirm the title of respondent Elizabeth Havermale to the realty described in the deed, and adjudge her costs of suit. The decree recites that: "In accordance with the findings of fact and conclusions of law herein, and the court having considered of the said findings and conclusions and of all the evidence herein, it is ordered and adjudged that the cause be dismissed." Of the errors assigned by appellants there are but two that can arise upon the record now here, and they are very well stated by counsel for appellant Gay: "Whether the appellant was guilty of such laches as to preclude a recovery in this suit, and whether the issue of laches is sufficiently presented in the pleadings." Counsel for the respective parties have exhaustively argued the question of the existence of the principle of laches under the Code, as well as the proper form in which the question may be raised. It may be observed that complainants did allege the want of discovery and knowledge of the fraud until within less than three years before the com-

mencement of the action. The finding of the court was against them upon this issue, but the three years' limitation prescribed by the statute after the discovery of the fraud was avoided by the allegation that respondents were not residents of the state until 1897. This issue was found in favor of complainants. The plea of the statute of limitations was properly in issue in the answers, but laches was urged as a ground of demurrer, and counsel for respondents maintain here that the order overruling the demurrer was wrong; that laches appeared upon the face of the complaints. This apparently was true before the reformed code procedure. In suits of purely equitable cognizance it seems to have been incumbent upon the complainant to excuse unreasonable delay when it appeared that a long time had elapsed,—such time as, under the circumstances surrounding the transaction, would raise the implication of laches. *Stearns v. Page,* 1 Story, 204; *Hardt v. Heidweyer,* 152 U. S. 547 (14 Sup. Ct. 671); *Badger v. Badger,* 2 Wall. 87; *Godden v. Kimmell,* 99 U. S. 201. But our Code (subd. 4, § 4800, Bal. Code), declares the limitation as follows:

"An action for relief upon the ground of fraud, the cause of action in such case not to be deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud."

Section 4793, Bal. Code, declares:

"There shall be in this state hereafter but one form of action for the enforcement or protection of private rights and the redress of private wrongs, which shall be called a civil action."

Section 4903 determines the sufficiency of pleadings:

"All the forms of pleadings heretofore existing in civil actions inconsistent with the provisions of this code are

abolished, and hereafter the forms of pleading and the rule by which the sufficiency of the pleadings is to be determined shall be as herein prescribed."

And § 4904, what pleadings:

"The only pleadings on the part of the plaintiff shall be,—

1. The complaint;
2. The demurrer;
3. The reply.

And on the part of the defendant,—

1. The demurrer;
2. The answer."

In *Cotton v. Wood,* 25 Iowa, 43, it was observed:

"A claim satisfactorily established will not be regarded stale by a court of equity, and for that reason its enforcement refused, when it has not run for a period that is necessary to create a bar under the statute of limitations."

In *Parker v. Bethel Hotel Co.* 96 Tenn. 252 (34 S. W. 209, 31 L. R. A. 706), it was observed:

"But delay alone, unaccompanied by other circumstances, will not necessarily preclude relief. In every case where the defense is founded on mere delay, that delay, of course, not amounting to a bar of any statute of limitations, the validity of that defense must be tested upon principles substantially equitable."

In *Cottrell v. Watkins,* 89 Va. 801 (17 S. E. 328, 37 Am. St. Rep. 897, 19 L. R. A. 754), it was observed:

"Inasmuch, therefore, as the plaintiffs' right to maintain this suit was not barred by the statute of limitations, 'it follows, as a necessary consequence, that laches and lapse of time constitute no such bar.' "

In *Waller v. Nelson,* 18 South. 154 (S. C., *First National Bank v. Nelson,* 106 Ala. 535), it was said:

"The doctrine of staleness of demand, relied on as a defense in this case cannot, under the facts shown in the

bill, be sustained.   Laches, as has been well said, does not, like limitation, grow out of the mere passage of time, but it is founded upon the inequity of permitting the claim to be enforced,—an inequity founded upon some change in the condition or relation of the property or the parties."

Similar observations upon the rule in applying laches are found in *Galliher v. Cadwell,* 145 U. S. 368 (12 Sup. Ct. 873).   The proposition affirmed by counsel for appellant Gay, that the Code of Washingtor abolishes the recognition of laches in causes of equitable cognizance, is too broad.   The construction of similar code enactments in states that have adopted the reform procedure shows a different conclusion in all or nearly all such jurisdictions. Mr. Pomeroy, in his Code Remedies (§ 56), observes:

"Not a provision is to be found in the code of any state adopting the new system which requires, suggests, or even intimates an abrogation of equitable primary rights, or equitable remedies and remedial rights;  .  .  .   The change provided for is not in primary rights nor in remedies, but in the methods, means, and instruments by which these primary rights are to be maintained, and these remedies secured."

It was observed in *Great West Mining Co. v. Woodmas, etc., Mining Co.,* 14 Colo. 90 (23 Pac. 908):

"The statute fixes a limitation beyond which the courts cannot extend the time, but within this limit the peculiar doctrine of courts of equity should prevail."

It was said in *Bliss v. Prichard,* 67 Mo. 181:

"The distinction between law and equity has not been abolished in this state.   The modification is as to the form of action, and the change effected is embraced in section 1, page 999, Wag. Stat., which provides that 'there shall be in this state but one form of action,' etc.   The principles of equity are as deeply imbedded in our law as before the adoption of the code."

Like views are expressed in California. *Harris v. Hillegass,* 66 Cal. 79 (4 Pac. 987). See, also, *Hagerman v. Bates,* 5 Colo. App. 391 (38 Pac. 1100). On a review of the authorities and what we deem a just construction of our Code of Procedure, we deduce these conclusions: That the statute of limitations is obligatory upon the courts in this state in both legal and equitable actions, and not alone in equitable causes by courtesy or analogy to limitations, but by statutory enactment; that the principle of laches still inheres in the substance of equitable relief; that our procedure requires the application of the same principles of pleading in actions at law and in equity; that laches exist as an equitable defense, and, unless disclosed upon the face of the complaint, the facts must be set forth in the answer; that the appearance of mere lapse of time upon the face of the complaint within the statute of limitations is not sufficient to raise an issue of law. This principle is very well stated in *State ex rel. Holgate v. Superior Court,* 21 Wash. 33 (56 Pac. 932), where it was said:

"By the adoption of the code a simple and uniform mode of pleading was inaugurated, without distinction as to actions legal or equitable. The system established by it was intended to be exclusive, and that of the common law has disappeared. Under the code, the pleading upon the part of the defendant is restricted to the demurrer and answer. No intermediate or additional plea is permitted, and all matters, whether in abatement or in bar, should be united in the same answer."

Our statute of limitations, where applicable, eliminates the requirement of excusatory facts in a bill purely equitable of mere delay in time when the suit is commenced within a period fixed by the statute. This view seems to have been recently stated by this court in *Stearns v. Hochbrunn,* 24 Wash. 206 (64 Pac. 165). See, as to the equita-

ble defense of estoppel, *Walker v. Baxter,* 6 Wash. 244 (33 Pac. 426); *Interstate Savings, etc., Ass'n v. Knapp,* 20 Wash. 225 (55 Pac. 48, 931); *Jacobs v. First National Bank,* 15 Wash. 358 (46 Pac. 396).

2. The fortieth finding of fact upon which the court predicated its conclusion of laches, and upon which, together with the evidence in the cause, the court based its decree in favor of respondents and of the dismissal of the suits of complainants, is not in itself sufficient to establish laches. Some, but not all, of the elements of equitable defense are shown. Some facts must appear from which inequity must be imputed to the complainant, or injury toward the defendant implied. These are generally circumstances from which changed conditions may be inferred in relation to the property or persons involved. The lapse of time ordinarily will imply that proof of facts upon the issues involved is more difficult to make; that changes in value of property may have occurred, from which an inference may be drawn that complainant delayed the suit for rise or fall in value, or that the delay under the circumstances was such as to raise the inference of abandonment of complainant's claim. As has been concluded, some of these must appear by answer.

3. But it is urged by counsel for respondents that, as the finding is not inconsistent with the legal conclusion of laches, or the statement in the decree that it was based upon the findings and the evidence, this court must infer that the probative facts appeared in the evidence, and that the decree will not be reversed because the findings are insufficient. This contention would be more cogent if the pleadings disclosed the issue made upon facts properly alleged in the answer. The authorities cited by counsel, such as *Byers v. Rothschild,* 11 Wash. 296 (39 Pac. 688),

1 Black, Judgments, § 270, and *Thompson v. O'Neil,* 41 Cal. 683, do not present the case as here, where findings of fact are made which are in themselves insufficient to establish the conclusion, and where such finding as No. 40 is not within the issues presented in the pleadings. Thus, in *Servanti v. Lusk,* 43 Cal. 238, it was observed:

"All facts within the issues, not expressly found and not inconsistent with the other findings, are presumed to have been found in accordance with the judgment."

And in *McMillan v. Carter,* 6 Mont. 215 (9 Pac. 906), it was said:

"Facts within the issues, not expressly found, and necessary to support the judgment, are presumed to have been in accordance with the judgment."

The trial court is vested with the discretion to allow all proper amendments during the trial; and not infrequently in equitable causes, where pertinent testimony is received without objection, facts may be established which were not properly pleaded; and it seems the inference may be indulged in this court, where facts are clearly and explicitly found, that an amendment is deemed made. But, as has been observed, the facts found as laches are not sufficient in themselves to support the conclusion, and, not being within the pleadings, presumptions cannot be indulged to the extent of supporting the decree. But it appears that other vital issues were in controversy at the trial; that exceptions were taken by the respondents to the findings made upon those issues. But as the decree was in their favor, fully granting them every relief, no appeal could be taken from it. Either party to the litigation was entitled, upon the production of the evidence, to a trial *de novo* here, but each relied upon the record which was brought here.

The decree will therefore be reversed, and the cause remanded for such further and complete findings of fact and amendments as may be found necessary in the discretion of the superior court, and with such rights reserved to all parties as may be necessary for any further review of the cause here on its merits.

FULLERTON, WHITE, MOUNT, ANDERS, HADLEY and DUNBAR, JJ., concur.