[No. 17798.  Department One.  July 5, 1923.]

THE STATE OF WASHINGTON, *on the Relation of Henry W. Pennock, as Guardian, et al., Appellants,* v. C. N. WILSON *et al., Respondents.*[1]

MUNICIPAL CORPORATIONS (280)—LOCAL IMPROVEMENTS—REASSESS-MENTS—LIMITATION OF ACTIONS—STATUTES. Under Rem. Comp. Stat., § 9394, prescribing a ten-year limitation, after the last instalment is due, for the commencement of an action to collect any special assessment or instalment, an action to compel the levy of an assessment to make up a deficit on an assessment due in 1911 or in ten annual instalments thereafter, is not barred in 1922, conceding that the statute has any application to the case.

SAME (279, 280).  Rem. Comp. Stat., § 9398, providing that no city shall have jurisdiction to make a supplemental assessment more than ten years after it was "finally determined" that the total assessments levied are insufficient, has reference to an affirmative determination by the courts or the city; and an assessment to make up a shortage through an oversight at the time of the levy is not barred in ten years thereafter, in the absence of any showing that the mistake or shortage was known until shortly before commencement of a suit to compel the making of the assessment.

[1] Reported in 216 Pac. 847.

EQUITY (47)—LACHES—PLEADING. Where, in a suit to require a supplemental assessment to pay the principal of bonds upon which interest had been regularly paid, laches in commencing the suit is not affirmatively shown by the complaint, it must be pleaded by the defendant or shown by the evidence.

Appeal from a judgment of the superior court for Grays Harbor county, Sheeks, J., entered August 2, 1922, dismissing upon the pleadings an action to compel a city to make a reassessment to pay the cost of a local improvement. Reversed.

*James R. Gates* and *Henry W. Pennock,* for appelants. .

*W. H. Abel,* for respondents.

BRIDGES, J.—By this suit the plaintiffs sought an order of the court requiring the defendants to make a reassessment on account of certain local improvements, and have appealed from a judgment dismissing their action. At the time the matter came on for trial, each of the parties moved for judgment on the pleadings. The motion of the defendant being granted, no testimony was taken.

The facts are these: In 1910, the city of Montesano created local improvement district No. 27, within which it determined to make certain street improvements. The contract for these improvements was let to the Anderson Construction Company. The total amount of the cost of the improvement was $23,066.55, and the total amount of assessments levied by respondents to pay these charges was $22,191.18. These were made on the 13th day of December, 1910. By virtue of the ordinance, the assessments were to be due January 12, 1911, but in the event they were not paid in full by that time, then they should be payable in ten annual installments, with interest at eight per cent. Certain of the property hold-

ers paid the whole of their assessments prior to January 12, 1911, and the city issued to the contractor two warrants, aggregating $6,366.55, the same being payable out of moneys then in the special fund. From time to time as the work progressed, bonds numbered 3 to 169, inclusive, each for the principal sum of $100, were issued and delivered to the contractor. Subsequently the appellant Hostetler purchased from the contractor bonds numbered 147 to 153, inclusive, and the appellant Pennock, as guardian, likewise purchased bonds numbered 132 to 134, both inclusive, and at the time of the commencement of these actions they owned these bonds. All interest on the Hostetler bonds was paid to November, 1919, and all interest on the Pennock bonds was paid to November, 1920. No part of the principal has ever been paid. This proceeding was instituted in July, 1922.

It will thus be observed that the assessment made by the city was inadvertently and by mistake $875.37 less than the cost of the improvement, and it was to require the city and its authorities to make a reassessment to cover this amount of deficit that this action was instituted. It will be noted that this proceeding was commenced more than ten years after the assessments were made. The trial court dismissed the action for the reason that it was "not brought within the time limited by law."

Each of the parties has cited and relied upon §§ 41 and 45 of ch. 98, Laws of 1911, pp. 468, 471, also found in Rem. Comp. Stat. §§ 9394 and 9398.

Section 9394 (being the same as § 41 of the Laws of 1911, *supra*), reads as follows:

"An action to collect any special assessment or installment thereof, for local improvements of any kind, or to enforce the lien of any such assessment or in-

stallment, whether such action be brought by a municipal corporation or by the holder of any certificate of delinquency, or by any other person having the right to bring such action, shall be commenced within ten years after such assessment shall have become delinquent, or within ten years after the last installment of any such assessment shall have become delinquent when said special assessment is payable in installments.''

Section 9398 (being the same as § 45 of the Laws of 1911, *supra*), reads as follows:

''No city or town shall have jurisdiction to proceed with any reassessment or supplemental assessment unless the ordinance ordering the same shall be passed by the council or other legislative body of such city or town within ten years from and after the time the original assessment for any such improvement was finally held to be invalid, insufficient or for any cause set aside, in whole or in part, held void or its enforcement denied directly or indirectly by the courts; or, in the case of supplemental assessments, from and after the time that it was finally determined that the total amount of the valid assessments, levied and assessed on account of any such improvement was insufficient to pay the whole or that portion of the cost and expense thereof to be paid by special assessment.''

It may seriously be doubted whether § 9394 has any application to the facts of this case. By its express terms it has reference to actions ''to collect any special assessment or installment thereof,'' and does not, upon its face, purport to have anything to do with actions seeking reassessments or supplemental assessments. The sections immediately preceding this one are with reference to collections of assessments and the including of them in certificates of delinquency. However, should it be conceded that this section has reference to reassessments and supplemental assessments, it would not support the judgment of dismissal, because it re-

quires such action to be brought "within ten years after the last installment of any such assessment shall have become delinquent when said special assessment is payable in installments." This proceeding was instituted well within ten years after the last installment of the assessment involved here became delinquent.

Respondent apparently relies mainly upon § 9398, *supra*. It is plain that the first portion of this section limits the power of municipalities to make a reassessment or a supplemental assessment to ten years after the original assessment has been, by the action of any court, declared invalid. But there has never been any such action with reference to the assessments involved in this action, consequently no judgment of any court decreeing the assessment invalid or insufficient. It is said, however, that the last portion of that section is .determinative, because by it the city is deprived of any power to make a supplemental assessment after the expiration of ten years from the time it is "finally determined" that the assessment was insufficient to pay the cost of the improvement. It is argued that the shortage resulting from the assessment made by the respondent "was determined" when that assessment was made, because at that time an examination of the records would have disclosed such shortage. But such would not have been such a "determination" as the statute contemplates. Manifestly, the statute has reference to some affirmative action on the part of the courts, or possibly the city itself. But here it is alleged that the shortage in the assessment was an oversight and a mistake, and the pleadings fail to show that such mistake was known by either of the parties to this action until shortly after the commencement of this suit.

Respondents further argue that, even if these stat-

15—125 WASH.

utes be inapplicable, this case was properly dismissed because of laches on the part of the appellants. But there is nothing in the petition for the writ which shows when the appellants first became aware of the mistake resulting in the shortage. Their interest has been paid regularly up to within two or three years of the time they instituted their proceeding. Where the pleadings of the plaintiff fails to affirmatively show laches, it must be pleaded by the defendant or shown by the testimony. 10 R. C. L. 407; *Gay v. Havermale,* 27 Wash. 390, 67 Pac. 804. There is nothing in the pleadings upon which we would be justified in holding that the appellants had slept on their rights.

The judgment is reversed, and the cause remanded with instructions to proceed with the trial of the case in accordance with the views here expressed.

MAIN, C. J., MACKINTOSH, HOLCOMB, and MITCHELL, JJ., concur.