## Dodge *versus* Barnes.

Where, in a suit upon a contract relative to certain corporation stock, the contract, offered by the plaintiff in evidence, disagreed with the declaration as to the plaintiff's christian name, and also as to the name of the corporation; but the identities were apparent from the recital in the contract, and from the corporation records, to which the contract referred; *Held,* the variances, (between the contract and the allegations of the writ,) constituted no defence.

A transfer of corporation stock, made to fulfil a contract, is not ineffectual on account of its being made two days earlier than the stipulated day.

ASSUMPSIT upon a written contract, in which the defendant, after reciting that he had transferred to *Thomas Dodge* eight shares in the *Anson Woolen Factory,* promised *said Dodge* to pay him $376, provided *said Dodge* should, on the first day of June, 1846, transfer to the defendant eight shares in said factory.

Testimony was offered by the plaintiff, tending to show that, on the 30th day of May, 1846, one Cobb, claiming to act in behalf of the plaintiff, Thomas *T.* Dodge, left with the treasurer of the *Anson Woolen Manufacturing Company,* certificates of eight shares in the stock of said company, and requested said treasurer to transfer said shares to the defendant, which, according to the mode prescribed by the by-laws, the treasurer immediately did.

The records of the company, showing the transfer from the defendant to the plaintiff, and also that from the plaintiff to the defendant, were introduced.

The plaintiff proved that one Gage, acting for him, on the 17th day of June, 1848, presented the said contract to the defendant, and demanded payment.

The trial was before HOWARD, J.

A default was entered, subject to be removed, if the plaintiff, upon the evidence, was not entitled to recover.

*McCobb*, for the defendant, relied upon the variances between the allegations of the declaration, and the proofs presented in the contract.

1. It is alleged that the promise was made to the plaintiff, *Thomas T. Dodge*; the proof is, that it was made to *Thomas Dodge*.

2. The allegation is of eight shares in the *Anson Woolen Factory*; the proof is of eight shares in the *Anson Woolen Manufacturing Company*.

3. The allegation is, that the transfer was to be made " on or before the first day of June;" the proof is, that it was to be made "on the first day of June." Greenl. on Ev. sect. 63; *Wilson* v. *Gilbert*, 2 B. & P. 281; *Whitwell* v. *Bennett*, 3 B. & P. 559; *Elwell* v. *Gilley*, 14 Maine, 72; *Boyden* v. *Hastings*, 17 Pick. 200; 1 Greenl. Ev. sect. 65, 66, 68, 69; Starkie's Ev. part iv. pp. 1290, 1542 and onward, 1577, 1579; 1 Chitty's Pl. 270.

The counsel also contended that the attempted transfer to the defendant was invalid; because it was not proved that Cobb had authority; and, because the transfer was not made on the first day of June. That it should be so made, was a condition precedent; Story on Cont. sect. 27.

It might be important to the defendant, that he should not be a stockholder until the first day of June. Liability to company debts is sufficient to be mentioned; for if the transfer was good, when made two days too early, it would be good, if made at any previous time, and the defendant be thereby exposed to liabilities, into which he never agreed to enter.

The transfer was also inoperative, because made, not by the plaintiff, but by the treasurer. None but the owner could

State *v.* Marston.

transfer. Angell & Ames on Corp., ed. of 1846, pp. 521, 522.

*W. P. Fessenden,* for plaintiff.

HOWARD, J. orally. — The variances, relied upon, constitute no sufficient defence. The recital in the contract and the records of the transfer, mentioned in the recital, manifestly show the trade to have been with the *plaintiff,* and that it related to shares in the *Anson Woolen Manufacturing Company.*

It is objected that the declaration contains no averment of the identities. But that omission is supplied by the proofs.

The transfer made May 30, would be in force on the 1st of June. As respects time, the transfer was therefore sufficient.

When the plaintiff, through his agent, Gage, demanded pay of the defendant, he ratified Cobb's doings.

The by-laws required the transfer to be made, not by the owner, but by the treasurer, who thereby became the owner's agent for that purpose. As to the want of notice, the defendant is presumed to know the mode of transfer, prescribed by the by-laws, and he also knew the time at which it was to be made. Further notice was not required. But, if required, it was sufficiently given by Gage to the defendant.

*Default confirmed.*