[No. 2,199.]

## R. S. THOMPSON v. MICHAEL O'NEIL ET AL.

FINDINGS INCONSISTENT WITH JUDGMENT.—To procure a reversal of judgment based upon findings by a Court, on an appeal on the judgment roll alone, the express findings must be absolutely inconsistent with the judgment, conceding all the other facts within the issues to have been found in accordance with it.

FACTS PRESUMED TO SUPPORT JUDGMENT.—Facts within the issues not expressly found and necessary to support the judgment are presumed to have been in accordance with the judgment.

REBUTTAL OF PRESUMED FACTS.—In order to rebut the implied findings in support of judgment, it must be made to appear either in the findings themselves, or on a motion for a new trial, or by a statement on appeal, that no other facts than those expressly found were proved at the trial.

APPEAL from the District Court of the Fourth Judicial District, City and County of San Francisco.

The case was tried by the Court without a jury, and the following findings were filed:

"First—That on or about the 15th day of January, 1851, one John P. Hill took up a tract of land of forty acres (of which the land in suit forms a part) and inclosed the same with a temporary brush fence. The same was within the charter line of 1850.

"Second—That said Hill, having conveyed undivided interests in said forty-acre tract to R. S. Thompson, W. P. Flint, T. Dorland, F. P. Tracy, Staples, and Bedell, they, in the Spring of 1853, inclosed said forty-acre tract with a fence, made of posts and rails, the posts in size three by four inches and four feet high, and set eight feet apart, with two rails nailed thereon, the size of the rails two by three inches.

"Third—In the Summer of 1853, said R. S. Thompson, W. P. Flint, T. Dorland, F. P. Tracy, Staples, and Bedell verbally partitioned said premises among themselves, and each of the parties forthwith entered into the exclusive occupation of the premises allotted to him upon such partition;

hat the premises mentioned in the complaint herein were
 ..otted upon such partition to plaintiff; that immediately
after such partition plaintiff inclosed said premises with a
fence, consisting of posts, in size three by four inches and
four and one half feet high, set in the ground eight feet
apart, with two rails nailed thereon, which were two inches
by three inches in size; this was in the Fall of 1853.

"Fourth—That during said period of time, said plaintiff
did not live upon or cultivate said premises, and did no other
acts of possession upon said premises beyond the fencing
above mentioned.

"Fifth—That defendant entered upon said premises on
May 28th, 1862, by virtue of purchase and conveyance from
Stuart Smith, and immediately built a small house thereon,
and inclosed the same with a fence, and put a tenant therein,
and has ever since and now does keep possession of the same.

"Sixth—That said premises are within the charter line of
1851, of the City of San Francisco, as it was incorporated in
1851."

The other facts are stated in the opinion.

*John R. Jarboe*, for Appellant.

The judgment is not supported by the findings, but is
directly antagonistic to them. The facts found show that
the property in question was subject to and under the will
and control of the plaintiff, he being in the exclusive occu-
pation thereof. This constitutes a complete common law
possession, which is the only possession necessary to estab-
lish in this action. The Court having found the plaintiff's
occupation and possession down as late as the Fall of 1853,
the law presumes it to have continued in the same condition
until it was interrupted by the defendants, which the Court
finds was on the 28th day of May, 1862. There is no pre-
tense that Stuart Smith, from whom defendant deraigns title,

ever had a title or was ever in possession. The findings show title in the plaintiff, and an entry and ouster by the defendant, without any justification or authority for such entry.

*E. A. Lawrence*, for Respondent.

A brush fence three feet high was held not to constitute possession in *Hutton* v. *Schumacher*, 21 Cal. 453. The fence in this case was only a temporary brush fence. The plaintiff must recover on the strength of his own title, and hence it is for him to show how long the fence continued. (*Wolf* v. *Baldwin*, 19 Cal. 306; *Polack* v. *McGrath*, 32 Cal. 15; *Borel* v. *Rollins*, 30 Cal. 408.)

By the Court, CROCKETT, J.:

The action is ejectment, and was tried before the Court without a jury. Written findings were filed, and a judgment entered for the defendant, from which the plaintiff appeals on the judgment roll alone, unsupported by a statement on appeal. The ground of error relied upon is that, on the facts expressly found, the plaintiff, and not the defendant, was entitled to judgment. But we must presume, in support of the judgment, that the Court found not only the facts included in the written findings, but also such other facts within the issues as are necessary to support the judgment. It is not enough that the written findings do not, of themselves, warrant the judgment; but to procure a reversal, the express findings must be absolutely inconsistent with the judgment, conceding all the other facts within the issues to have been found in accordance with it.

The facts within the issues not expressly found are presumed to have been in accordance with the judgment, which must, therefore, be affirmed, unless the express findings affirmatively show it to be erroneous. This has been too often decided by this Court to merit further discussion. The plain-

tiff relies solely on prior possession as proof of title, and the answer not only denies the plaintiff's title and right of possession, but sets up as a separate defense an abandonment of the plaintiff's claim prior to the commencement of the action. If it be conceded that in 1853 the plaintiff had the actual possession of the premises by means of a sufficient inclosure, he may, nevertheless, have abandoned the possession, or conveyed all his title to the defendant, or to a third person, prior to the commencement of the action, either or both of which facts it was competent for the defendant to prove under the issues; and we must presume, in support of the judgment, that one or both of them were proved. If no other facts than those expressly found were proved at the trial, it should have been made so to appear, either in the findings themselves or on a motion for a new trial, or by a statement on appeal, in order to rebut the presumption that these facts were proved and found. But as the case is presented on the judgment roll, the presumptions arising from the implied findings are not rebutted, and no error is shown.

Judgment affirmed.