[No. 1576. Decided March 1, 1895.]

Alpheus Byers, *Appellant*, v. E. S. Rothschild *et al.*, *Respondents*.

JUDICIAL SALE — RIGHT OF PURCHASER TO RENTS — RENT FALLING DUE ON SUNDAY — APPEAL — REVIEW OF JUDGMENT — PRESUMPTIONS.

A purchaser of real estate at execution sale, although entitled under § 519, Code Proc., to the rents from a tenant in possession between the day of sale and redemption, cannot recover in advance rents so payable under a contract between the tenant and the execution defendant, as the latter's right of redemption renders uncertain the period of time for which the execution purchaser is entitled to collect the rents.

A tenant under a lease reserving a monthly rental payable in advance on the first of the month, is entitled to the second day of the month to make payment, where the first day falls on Sunday.

Where the judgment recites that it was rendered upon the pleadings and upon the oral admissions of the respective parties in open court, it will not be disturbed on appeal when the record does not set forth the oral admissions, the presumption being that the judgment was sustained by the facts presented to the lower court.

*Appeal from Superior Court, King County.*

*Byers, McElwain & Byers,* for appellant.
*William Martin,* for respondents.

The opinion of the court was delivered by

DUNBAR, J.—This action is brought under § 519 of the Code of Procedure. The complaint alleges in substance that on the 9th day of March, 1894, the plaintiff purchased at sheriff's sale certain described real estate in King county, state of Washington; that at said date the defendants were holding possession of said premises under an unexpired lease; that said lease was made by the former owner of the premises, one Martin McAndrews, and was so conditioned that said defendants should pay as rental for said premises the sum of $275 per month; that by the terms of said lease and by virtue of the law, on the 1st day of April, 1894, there became due and owing from said defendants to the plaintiff, for the rent of said premises, for the month of April, 1894, the sum of $275; alleged demand, non-payment, and demand for judgment for the said sum of $275 and costs of the action.

Rothschild and Wilzinski, the defendants, answered, admitting the lease, alleging payment to one Martin McAndrews up to the time of the commencement of the action; affirmed that they were ready to pay rent to whomever the court should direct; asked that the complaint as to them be dismissed, and that the said Martin McAndrews be allowed and required to intervene, to the end that their rights be protected and that

they might not be subjected to another action for the same rent and claim.

McAndrews did intervene and filed an answer denying that the plaintiff was the owner of the premises; denying that by the terms of the lease and by virtue of the law there was due and owing from defendants to plaintiff, for the rent of the premises, for the month of April, 1894, the sum of $275; and for an affirmative defense alleged that prior to the commencement of the above entitled action McAndrews tendered to plaintiff the full amount with all interest and all costs necessary to redeem the premises from said sheriff's sale, and that plaintiff refused to accept the same; that on or about the 2d day of April, 1894, he duly served the plaintiff with a written notice of his intention to redeem the premises described from said sheriff's sale; that thereafter, on the 5th day of April, he did redeem the same by paying to Woolery, the sheriff of King county, the sum of $49.70, the amount necessary to redeem said premises and the amount demanded by said sheriff to redeem the same, and that said redemption in all respects complied with the law pertaining thereto. There were some other allegations in relation to attachment in a garnishment proceeding which it is not necessary to notice here.

The reply denied the tender alleged in intervenor's answer; admitted the notice of redemption on the 2d day of April and the redemption thereafter on the 5th day of April.

The cause came on for trial June 7, 1894, and prior to impaneling a jury appellant, by his attorneys, in open court, moved for judgment on the pleadings. The motion was overruled; whereupon the respondents moved for judgment; which motion was granted. From such judgment this appeal is taken.

This action could not be maintained in any event for any length of time exceeding that which intervened between the 1st day of April and the 5th day of April, the day on which it is conceded the land was redeemed. The law provides that the purchaser from the day of the sale until a re-sale or redemption, and the redemptioner from the day of his redemption until another redemption, shall be entitled to possession of the property purchased or redeemed, unless the same be in the possession of a tenant holding under an unexpired lease, and in such case shall be entitled to receive from such tenant the rents or the value of the use and occupation thereof during the same period. What is meant by "during the same period?" Evidently, the same period that the purchaser is entitled to where there is no tenant holding under an unexpired lease, viz., from the day of sale until a re-sale or redemption. There is no provision of this law even suggestive of the idea that the purchaser should be entitled to possession beyond the day of redemption, or that he shall be entitled to receive the rents or the value of the use and occupation of the property beyond the day of redemption. And the fact that the rent in this instance was payable in advance, if such is shown from the allegations of the complaint, cannot add to the rights of the execution purchaser under the law. So that, even conceding that the execution purchaser would be entitled to an action against the tenant for the price contracted for between the tenant and the landlord, all that the plaintiff in this case could under any circumstances collect would be the amount of rent due from the 1st to the 5th of April. But he would not even be entitled to bring the action in advance for that amount, for he could not know under the law granting the right of redemption, what proportion of this

amount he would be entitled to until it had already become due by a lapse of time.

The fact that this land was redeemed so shortly after this time was commenced shows the impracticability and injustice of the rule contended for by the appellant.

Again, the 1st day of April fell on Sunday, which is a non-judicial day, and the tenant would be entitled to the 2d day of April to make the payment to his landlord under their contract; and this action was commenced before his time for making the payment had expired. This may be a technical holding, but appellant here is seeking to obtain a techical advantage, and cannot complain if the construction which he contends for is applied to his complaint.

Laying all these questions aside, the appellant under the record as presented to the court could not maintain this action here in any event, and it is not necessary for us to go into a discussion of the question whether or not the judgment should have been rendered for respondents upon the pleadings; for, according to the record, this case was submitted not only upon the pleadings, but upon oral admissions made by the respective parties. The judgment recites the following:

"This cause having come on regularly for trial on the 7th day of June, 1894, before RICHARD OSBORN, Judge of said court, and the plaintiff appearing in person and by his attorneys, Byers, McElwain & Byers, and the defendants in person and by their attorney, William Martin, and said cause having been duly submitted to the court for its decision upon motion for judgment upon the pleadings and upon oral admissions made by the respective parties in open court of all the facts in said cause, and the same being fully submitted, and after hearing argument by counsel for the respective parties, and the court being now fully advised in the premises, finds from said oral admissions that in-

tervenor Martin McAndrews was the owner in fee simple of the property described in plaintiff's complaint, at all the times mentioned therein, and as a matter of law that defendants are entitled to judgment."

The appellant has not seen fit to bring to this court the record of what these oral admissions were which were made by the respective parties in open court of all the facts in the cause, and, consequently, this court cannot pass upon their sufficiency, and must conclude that the judge who tried the cause and who passed upon these matters which were submitted to him, outside of the pleadings, had sufficient testimony before him to justify the judgment which he rendered in the cause, the presumption being that the judgment was sustained by the facts presented to the court, until the contrary is shown.

The judgment will, therefore, be affirmed.

HOYT, C. J., and SCOTT, ANDERS and GORDON, JJ., concur.