[No. 2109. Decided March 18, 1896.]

FRANK T. CANTARA, *Appellant*, v. JAMES E. BLACKWELL, *Respondent*.

SUBPARTNERSHIP — EVIDENCE TO ESTABLISH — RIGHTS ACQUIRED UNDER — LACHES.

A finding that a contract of partnership in regard to government work was never entered into between plaintiff and defendant is sustained by evidence that defendant wrote an unsigned memorandum agreeing to give plaintiff half the profits received by him from such work, and that a contract in accordance therewith was subsequently prepared, which defendant refused to sign until plaintiff secured bondsmen for defendant according to their original agreement, which plaintiff refused to do.

All rights under an agreement by one having a government contract to give another an interest therein on condition that the latter

should give the former a bond to secure him to a certain extent from loss under the contract, is lost by a delay by the latter to tender a good bond for more than two years after the rejection of an insufficient bond offered by him.

Appeal from Superior Court, Pierce County.— Hon. W. H. PRITCHARD, Judge.  Affirmed.

*Coiner & Shackleford,* and *James Garvey,* for appellant.

*John D. Fletcher,* for respondent.

The opinion of the court was delivered by

SCOTT, J.—This action was brought by the plaintiff for a partnership accounting and the establishing of a trust in one-half of certain funds which were to come into the hands of the defendant from the United States government, in payment for the building of a dry dock at Port Orchard, which was being built by the firm of Byron Barlow & Co.  The defendant was a member of said firm, and the plaintiff claimed that he was a sub-partner with the defendant on this contract.  From a judgment rendered against him he has appealed.

The only questions raised, as we view the case, are ones of fact.  It appears that plaintiff, defendant and a firm of contractors known as Sheehan & Booker first made arrangements for submitting a bid for the work, and that in pursuance of such arrangements a bid was submitted, which was rejected by the government, as were all other bids, and new bids were advertised for under conditions which required a certified check for $25,000 to accompany the bid, and required a bond in the sum of $100,000 from the successful bidder for the faithful performance of the contract.  It seems that Sheehan & Booker then re-

fused to proceed further, but Blackwell and Cantara concluded to try to put in another bid, but that no new or different contract was entered into between them, and no bid was in fact submitted by them, although Cantara made arrangements with Barlow to put up the $25,000 check. Barlow, Blackwell and one Dougan agreed to send in a bid, and did so, after making a new estimate materially different from the one made by Blackwell and Cantara; and it was agreed that Barlow should put up the check and if the bid should be accepted, that Barlow, Blackwell and Dougan would enter into a contract of partnership for doing the work. Cantara knew of this arrangement between said parties and never made known to Barlow or Dougan that he had, or was to have, any interest in said contract, and it does not appear that said parties had any information to that effect. On acceptance of the bid by the government, Barlow, Blackwell and Dougan entered into a contract and furnished the bond for doing the work.

The appellant's contentions are based upon three grounds: (1) That there was an oral contract of partnership between the plaintiff and defendant at the time the second bid was sent off. (2) If there was only an executory contract of partnership at the time the bid was sent off, the same was consummated by the acceptance of the bid. And (3), that if neither of these grounds is tenable, a certain memorandum written by Blackwell relative to the making of such a contract was a sufficient declaration of the partnership to bind both parties.

We are of the opinion that no contract was ever entered into between the parties, although it is apparent that they intended to form a partnership if the contract was obtained. It further appears from the

evidence, although it was disputed by the plaintiff, that before the contract between Blackwell, Barlow and Dougan with the government was executed, Barlow requested Cantara to furnish Blackwell's share of the bond and bondsmen to the government, which Cantara had agreed to do, but refused to carry out, and the bond was subsequently furnished by Barlow and Dougan. Prior to this time, Cantara had requested Blackwell to come to his attorney's office and enter into a contract of partnership in regard to the contract. Blackwell went with him and wrote a short memorandum agreeing to give Cantara one-half of the profits received by him from the contract, subject to his contract with Barlow and Dougan. This was not signed by either and was not intended as a contract, but contained memoranda for drawing one. On the day following, the contract was prepared, but Blackwell informed Cantara that he would not sign it until Cantara secured his bondsmen for him, as he had originally agreed, which Cantara refused to do.

It further appears that some time after the execution of the contract with the government, Blackwell proposed to Cantara that he would still give him an interest in his share of the contract provided Cantara would give him a bond in the penal sum of $16,000, with approved sureties, securing him to a certain extent from loss on the contract. This was about the 1st of November, 1892. Thereafter in said month, Cantara gave Blackwell a form of bond, with only one name in the body as surety. Blackwell objected to the form and to the surety who was proposed, and nothing more was done by Cantara until March, at which time he offered the same bond, but with an additional surety, to Blackwell, who refused it on the ground that it was too late. It seems that nothing more was done

by Cantara with regard to the matter until this suit was brought, more than two years after the tender of the bond.

In addition to finding that no contract of partnership was ever entered into and that Cantara had failed upon his part to comply with the conditions agreed upon for entering into one, the court found that he had slept upon whatever rights he may have had against Blackwell, and had thereby waived the same. We have attempted to show only the general nature of the case, and not to set forth more than enough of the substance of the evidence for that purpose.

Being satisfied with the findings of fact made by the court, we affirm the judgment rendered thereon dismissing the action.

HOYT. C. J., and ANDERS and GORDON, JJ., concur.
DUNBAR, J., dissents.