[No. 3498.   Decided March 9, 1901.]

CORDELIA I. KINKEAD, *Appellant*, v. HOLMES & BULL FUR-
NITURE COMPANY, *Respondent*.

CONVERSION — LIMITATION OF ACTIONS.

Where one rightfully in the possession of another's goods
wrongfully pledged them to a third party, who afterwards sold
them in satisfaction of the pledge, the limitation upon the owner's
right of action against the pledgee for conversion began to run
from the time of the pledgee's acquisition of the goods and not
from the time of sale.

SAME — PLEADING STATUTE OF LIMITATIONS — SUFFICIENCY OF AN-
SWER.

An answer, in an action for conversion of plaintiff's goods,
which alleges that "For further and affirmative answer to said
complaint, defendant says that more than three years elapsed be-
tween the accruing and commencement of plaintiff's alleged cause
of action," while defective as a plea of the statute of limitations,
is yet sufficient to put the plaintiff on notice that the statute
would be relied on as a defense, and, where not moved against in
the lower court by demurrer or motion, will, on appeal be consid-
ered as amended, under Bal. Code, §§ 4957, 6535, since no substan-
tial right of the plaintiff was affected by its defectiveness.

Appeal from Superior Court, Pierce County.—Hon.
THOMAS CARROLL, Judge.   Affirmed.

*Walter M. Harvey*, for appellant:

The affirmative answer of the respondent does not state
facts sufficient to constitute a defense to appellant's com-
plaint, and is not in law a good plea of the statute of limi-
tation.   *Gammon v. Dyke*, 2 Wash. T. 266; *Eno v. Diefen-
dorf*, 102 N. Y. 720 (7 N. E. 798); *Paine v. Comstock*,
14 N. W. 910; *Plumer v. Clarke*, 18 N. W. 467; *Smith v.
Dregert*, 18 N. W. 732.

Where a *bona fide* purchaser, pledgee, or mortgagee has
received the property from one who has every indication of

ownership by reason of his possession of the property, he is
not held in law to be guilty of the conversion of it until he
does some act which would show a conversion of the prop-
erty, after notice of the true owner's rights, or, as is fre-
quently the case, a demand has been made by the true
owner and he refuses to surrender the property.  *Hovey v.
Bromley,* 33 N. Y. Supp. 400 ; *Plano Mfg. Co. v. Northern
Pacific Elevator Co.,* 51 Minn. 167 (53 N. W. 202) ; *Val-
entine v. Duff,* 34 N. E. 453; *Stephens v. Meriden Britan-
nia Co.,* 43 N. Y. Supp. 226 ; *Metcalfe v. Dickman,* 43 Ill.
App. 284 ; *Parker v. Middlebrook,* 24 Conn. 207 ; *Barrett
v. Warren,* 3 Hill, 348 ; *Tallman v. Turck,* 26 Barb. 167 ;
*Wood v. Cohen,* 6 Ind. 455 (63 Am. Dec. 389).

*B. S. Grosscup* and *F. S. Blattner,* for respondent.

The opinion of the court was delivered by

FULLERTON, J.—This is an action in damages brought
by the appellant against the respondent for the conversion
of certain personal property, consisting of household goods.
The complaint, with certain immaterial exceptions, was in
the usual form.   The answer was a general denial and a
plea, by way of further and separate answer, of the statute
of limitations.   On the trial, at the conclusion of the testi-
mony of the appellant the respondent moved for judgment
against the appellant, which motion the court sustained on
the ground that the action had not been commenced within
the time limited by law.   The facts appearing at that time
were substantially these:   The appellant in June, 1891,
brought certain household furniture from San Francisco
to Tacoma and went to housekeeping in Tacoma with her
married daughter and son-in-law, one W. A. Clarke. About
the middle of September following she returned to San
Francisco, leaving her household goods in the possession

of Clarke and wife. Shortly thereafter Clarke mortgaged these goods, with certain of his own, to Holmes & Osgood to secure a debt which he owed to that firm. In October, 1891, Clarke broke up housekeeping, and pledged the property to the respondent to secure his indebtedness to it, delivering the property into its possession; Clarke at the time agreeing to pay the Holmes & Osgood mortgage, which he afterwards did. In August, 1893, the respond-ent sold the property and applied the proceeds of the sale towards the satisfaction of the debt which it was pledged to secure. It appears from the testimony of the appellant that she first learned that the property had been pledged to the respondent by Clarke between "February and June, 1892," and that she immediately wrote to it, notifying it of her ownership of the property. No demand was made on the respondent for the return of the property prior to the commencement of the action. The action was com-menced on the 16th day of November, 1895.

The material question presented by the record is, when did the cause of action accrue? It is the contention of the learned counsel for the appellant that the cause of action accrued at the time the property was sold, in August, 1893. He argues that, inasmuch as the respondent came into the possession of the property without notice of the claim of the appellant, the appellant could not maintain an action against it for a wrongful conversion until demand was made for the possession of the property, or until the re-spondent, after it had received notice of the appellant's claim, did some act with relation to the property inconsist-ent with the rights of the appellant; hence, as the evidence fails to show a demand, but does show that the respondent had notice of the appellant's ownership prior to the sale of the property, the cause of action accrued at and not before the time the property was sold and the respondent

applied the proceeds thereof to its own use. The fallacy of the reasoning of counsel, we think, lies in the assumption that demand, or some further act of conversion other than the original taking, was necessary in order that an action could be maintained by the appellant against the respondent for the recovery of the property or for its wrongful conversion. The rule is the other way. The mere act of receiving in pledge property from one who has no right to dispose of it is a conversion as against the true owner, for which such owner may maintain an action without demanding the return of the property, or without the pledgee doing any other act indicating an intent to appropriate it to his own use.

"Any distinct act of dominion wrongfully exerted over one's property in denial of his right, or inconsistent with it, is a conversion." Cooley, Torts (2d ed.), 448; *Fernald v. Chase,* 37 Me. 290.

"A possession taken under a purchase from one without title, and who has himself been guilty of a conversion in disposing of the goods or chattels, is a possession unauthorized and wrongful at its inception, and which the absence of evil intent in the purchaser cannot make rightful or lawful. Such a possession is based on the assumption of a right of property, or a right of dominion over it, derived from the contract of sale; and what is this, in the legal sense, but a wrongful intermeddling or asportation or detention of the property of another? At common law, a conversion is that tort which is committed by a person who deals with chattels not belonging to him, in a manner which is inconsistent with the rights of the lawful owner." LORD, C. J., in *Velsian v. Lewis,* 15 Ore. 539 (16 Pac. 631, 3 Am. St. Rep. 184).

The precise question here presented has been determined adversely to the appellant's contention by the supreme court of California. In a case where the defendants had in good faith, and without notice of plaintiff's rights, re-

ceived in pledge the plaintiff's goods from her bailee, and afterwards sold them, it was held that the statute of limitations commenced to run from the time the defendant acquired possession, and not from the time of the subsequent sale of the goods by them. *Harpending v. Meyer,* 55 Cal. 555. The trial court, therefore, did not err in concluding that appellant's right of action accrued more than three years prior to the commencement of the action.

It is insisted that there is no sufficient plea of the statute of limitations, and that for this reason the trial court erred in holding the action barred by that statute. The language of the answer in this respect is as follows: "For further and affirmative answer to said complaint, defendant says that more than three years elapsed between the accruing and commencement of plaintiff's alleged cause of action." The appellant took issue on this part of the answer in the court below by general denial, and, so far as the record discloses, the question of its sufficiency or insufficiency as a plea was not brought to the attention of the trial court, but is raised here for the first time. It may be conceded that the plea is defective and subject to demurrer, but we cannot agree with the contention of counsel that it is so radically defective as to be no plea at all. It was sufficient to put the appellant upon notice that the statute of limitations would be relied upon as one of the defenses to the cause of action stated in her complaint, and was therefore but a defective statement of a good defense, and not a statement of no defense at all. It was likewise capable of amendment. *Morgan v. Morgan,* 10 Wash. 103 (38 Pac. 1054). And, had the appellant raised the objection in the court below, the respondent would have been entitled to amend as of course. As no substantial right of the appellant was affected by this defect, it is insufficient to require a reversal of the cause by this court. Ballin-

ger's Code, § § 4957, 6535; *Allend v. Spokane Falls &
N. Ry. Co.,* 21 Wash. 324 (58 Pac. 244).

The judgment is affirmed.

REAVIS, C. J., and DUNBAR and ANDERS, JJ., concur.