[No. 3866. Decided January 6, 1903.]

JOHN H. GAY, JR., *Appellant,* v. SAMUEL G. HAVERMALE *et al., Respondents,* FIRST NATIONAL BANK OF CHICAGO *et al., Appellants.*

LACHES — AVAILABLE WITHOUT SPECIAL PLEA.

Laches need not be specially pleaded as an equitable defense, but defendant may avail himself thereof, when laches is shown and claimed on the hearing of the facts.

APPEAL — REVIEW — FINDINGS OF FACT — PRESUMPTIONS IN FAVOR OF CONCLUSIONS OF LAW.

Where the evidence is not brought up in the record on appeal, the conclusion of the court that plaintiffs were guilty of laches

will not be disturbed, when the conclusion recites that it is based upon the findings and "all the evidence," as the presumption arises that the evidence supported the conclusion, although the findings may not be full and complete on that issue.

Appeal from Superior Court, Spokane County.—Hon. WILLIAM E. RICHARDSON, Judge. Affirmed.

*R. L. Edmiston, J. O. Cull, A. E. Gallagher (William T. Birdsall,* of counsel), for appellants.

*Graves & Graves (James Dawson* and *Hyde, Latimer & Barnes,* of counsel), for respondents.

ON REHEARING.

The opinion of the court was delivered by

REAVIS, C. J.—Plaintiff and cross complainants and respondents each having filed petitions for rehearing in this cause, it was again fully argued, both orally and upon briefs. Counsel for appellants urge that the cause must be considered alone upon their exceptions. The allusion in the former opinion (27 Wash. 390, 67 Pac. 804) to matters appearing in the transcript was merely intended to fully illustrate the case. It is an equitable action. As ob-. served in the former opinion, the record does not contain any of the evidence. Thus no objections to the findings of fact can be considered. The only exceptions before us are to the conclusions of law, and to some rulings of the court in the settlement of the pleadings. It may be observed that the motion by plaintiff to strike certain portions of the affirmative defenses in the answers of the defendants Havermale were sustained by the court for the reason that such defenses could be proved under the denials already in the answers, and further consideration of these rulings is immaterial here.

In the consideration of the cause, and in the decision

rendered, the attention of the court was chiefly directed to the existence of laches as a principle for equitable cognizance in our courts since the adoption of the Code. We then announced that the principle of laches still inheres in the substance of equitable relief, and we are now content with such conclusion. The principle has frequently been recognized here. See *Cantara v. Blackwell,* 14 Wash. 294 (44 Pac. 657); *Sackman v. Campbell,* 15 Wash. 57 (45 Pac. 895); *Chezum v. McBride,* 21 Wash. 558 (58 Pac. 1067); *Kuhn v. Mason,* 24 Wash. 94 (64 Pac. 182).

Relative to the statement of the excusatory facts in the complaint, where unreasonable delay or other facts showing laches appear on its face, there seems to be some want of claridity in the expressions of this court. In *Chezum v. McBride, supra,* it was observed, "The action is barred by the laches of appellant and his grantees," and a quotation is made from *Mullan's Adm'r v. Carper,* 37 W. Va. 215 (16 S. E. 527), as follows:

"Delay in the assertion of a right unless satisfactorily explained, even when it does not constitute a positive statutory bar, operates in equity as evidence of assent, acquiescence or waiver."

In *Sackman v. Campbell, supra,* it was said:

"A number of objections are urged against this cause of action, one of which is that the plaintiffs' rights, if they ever had any, were barred by the lapse of time; that it fails to show sufficient reasons why the plaintiffs remained silent from the time they attained their majority until 1891, a period of over thirty years. The only answer to this is that Renton concealed the facts from them and represented that the property was his own. We are of the opinion that the demurrer to this cause of action was well taken. The complaint fails to show how the plaintiffs obtained their information in 1891, and the bare allegation that they had no knowledge of the facts prior to that time is overcome by the other matters pleaded."

In *Kuhn v. Mason, supra,* it was held that a motion to vacate a judgment would, in the discretion of the court, be denied where unreasonable and unexplained laches appeared on the face of the complaint. The case of *Stearns v. Hochbrunn,* 24 Wash. 206 (64 Pac. 165), is cited by appellant as contrary to the expressions made in the former cases. This case was an action for relief on the ground of fraud. The complaint alleged that the fraud was discovered within three years, but did not state what acts of diligence plaintiff used to discover the fraud, or the circumstances of its discovery, and why it was not discovered sooner. The complaint was held good against a demurrer, the court observing:

"It would seem from this that the statute intended that a complaint should be deemed sufficient when it contained a direct and positive statement of the time of the discovery of the fraud, without further negativing the idea that the fraud might have been discovered sooner; leaving it rather a rule of evidence than a rule of pleading, if it still be the rule that means of discovery is equivalent to actual discovery."

In the present case plaintiff and cross complainants set forth in their complaints and cross complaints excusatory facts, explaining that the frauds alleged against the defendants were not discovered or known until within three years before the commencement of the action, and defendants demurred on the ground of laches shown upon the face of the complaints. The demurrer was overruled. Such ruling upon the demurrer did not prevent the hearing of the facts which must have been before the court. It must be inferred, in view of the findings and conclusions made, that evidence was heard by the superior court. In the former decision it was said:

"But it is urged by counsel for respondents that, as the

finding is not inconsistent with the legal conclusion of laches, or the statement in the decree that it was based upon the findings and the evidence, this court must infer that the probative facts appeared in the evidence, and that the decree will not be reversed because the findings are insufficient. This contention would be more cogent if the pleadings disclosed the issue made upon facts properly alleged in the answer. The authorities cited by counsel, such as *Byers v. Rothschild,* 11 Wash. 296 (39 Pac. 688), 1 Black, Judgments, § 270, and *Thompson v. O'Neil,* 41 Cal. 683, do not present the case as here, where findings of fact are made which are in themselves insufficient to establish the conclusion, and where such finding as No. 40 is not within the issues presented in the pleadings."

On this review we do not think the finding No. 40 and the legal conclusions were so foreign to the issues suggested by the respective pleadings as to be entirely irrelevant. If evidence showing laches was introduced without objection, the pleadings could have been made to conform thereto. This court was then impressed that the findings of fact did not completely support a case for the application of the rule of laches, and observed that laches was in the nature of an equitable defense, by way of estoppel, and should have been specially pleaded in the answer. This observation seems to be misleading, and is not in accord with the views of the court in the cases which are mentioned above. The rule generally stated is that laches may arise on the hearing of the facts, when shown and claimed. Section 6535, Bal. Code, relative to appeals, provides, in substance, that amendments to the pleadings shall be presumed to be made if they ought to or could have been made in the trial court. *Allend v. Spokane Falls, etc., Ry. Co.,* 21 Wash. 324 (58 Pac. 244); *Kinkead v. Holmes & Bull Furniture Co.,* 24 Wash. 216 (64 Pac. 157).

In *Carpenter v. Barry,* 26 Wash. 255 (66 Pac. 393), it was said:

"The appellants assign as error the action of the court in rendering judgment in excess of the verdict. Inasmuch, however, as they have not brought up with their appeal either a statement of facts or bill of exceptions showing the circumstances under which the judgment was rendered, it is manifest that this question is not here for review. It is not error in every instance and under all circumstances for a court to enter a judgment in excess of a verdict; hence, before the appellate court can say it is error so to do in any particular case, sufficient facts must be shown to make it appear that the action of the court is unwarranted in that particular case. Error is never presumed. The record must show it affirmatively."

See, also, *Washington Liquor Co. v. Alladio Cafe Co.,* 28 Wash. 176 (68 Pac. 444); *Byers v. Rothschild,* 11 Wash. 296 (39 Pac. 688).

The rule has frequently been announced, if the findings are not all stated the presumption is still that the evidence supported the conclusion. The findings here tend to support the conclusion. The court bases the conclusion on the findings and "all the evidence." They were not so full and complete as to satisfy this court, upon their face, to sustain the conclusion of laches, and it was then concluded to remand the case for further amendments and findings. But on this review we now conclude that the superior court properly had the case before it, and the evidence must be presumed to justify its conclusions. The substantial objection to the judgment is that it is not supported by the facts, but the insufficiency of the facts has not been shown upon the record here, and, no substantial error having been shown, the decree is affirmed.

DUNBAR, FULLERTON, MOUNT and ANDERS, JJ., concur.