FANNIE M. RANDALL ET AL., APPELLEES, V. NATIONAL BUILDING, LOAN & PROTECTIVE UNION OF MINNEAPOLIS, APPELLANT.

FILED FEBRUARY 19, 1895.    No. 5736.

1. **Supreme Court Commission:** PRACTICE. The fact that opinions are prepared by the commissioners of this court is no indication that such cases have not been examined by the judges. All questions of law, and, so far as practicable, questions of fact, are considered by each of the judges and commissioners, and opinions are invariably submitted for examination and criticism by the entire membership of the court.

2. **Building and Loan Associations:** STOCK PAYMENTS: MORTGAGE. Stock payments by a borrowing member of a building and loan association are not *ipso facto* credits upon his indebtedness so as to reduce *pro tanto* the amount due on his mortgage.

3. ———: ———. But a borrower may elect to have payments on account of stock applied upon his indebtedness to the association. (*Randall v. National Building, Loan & Protective Union*, 42 Neb., 809.)

4. ———: DEFAULT IN PAYMENT OF INTEREST: PROVISION FOR FORFEITURE: ENFORCEMENT. An agreement whereby the stock of a borrowing member of a building and loan association,

Randall v. National Building, Loan & Protective Union.

pledged as collateral security for his loan, is to be forfeited upon default of interest, without allowing credit on account of payments previously made on such stock, is unconscionable, and will not be enforced by the courts of this state, although recognized as valid in the association's own state.

MOTION for rehearing of case reported in 42 Neb., 809. *Motion overruled.*

*George D. Emery* and *W. A. Prince,* for the motion.

POST, J.

It is evident from the brief submitted by counsel for the appellant that they are not familiar with the methods of transacting business in this court. The fact that the opinion heretofore filed (42 Neb., 809) was not prepared by a member of the court must not be taken as an indication that the conclusion therein announced represents the views of the commissioners only. On the contrary, every question of law, and, so far as practicable, every issue of fact, is examined by all of the members of the court, both judges and commissioners; and, in accordance with our invariable rule, opinions, whether prepared by judges or commissioners, are submitted for examination and criticism by the entire membership of the court. This observation is suggested not alone by the courteous remarks of counsel for appellant, but also by the fact that our practice, which is conceded to be an innovation upon the rule in other jurisdictions, is apparently not understood by members of the profession in our sister states.

1. But to return to the case at bar, not only is the judgment heretofore announced that of the court, but is in accordance with our unanimous conclusion at the time its cause was argued and submitted.

2. A re-examination of the subject in the light of able briefs has tended to confirm the views stated on the former occasion. It may be conceded that the liability of a mem-

ber of a building and loan association on his stock and on his loan, if he be a borrower, are entirely different, and that payments on the former are not necessarily credits on the latter. It does not follow, however, that a failure to pay interest or dues in accordance with his agreement or the by-laws of the association will, in every instance, *per se*, amount to a forfeiture of his stock so as to authorize a confiscation of the amount paid thereon. We adopt as sound the doctrine announced in the text of Thompson, Building Associations, 97, viz.: "If the borrower is in default, having violated the rules, he has forfeited his right to any interest profit, but he has not thereby forfeited his stock, and he can apply that as a credit if he chooses." We are inclined also to agree with the view recently expressed by the supreme court of North Carolina in *Rowland v. Old Dominion Building & Loan Association*, 18 S. E. Rep., 965, that an agreement whereby the stock of a member of a building association, held as collateral security for a loan made to the pledgor, is to be forfeited upon default of payment of dues or interest, without allowing credit on account of payments previously made on such stock, is unconscionable, and should not be enforced by the courts of this state, although recognized as valid in the association's own state. We have not overlooked the recent case of *Southern Building & Loan Association v. Anniston Loan & Trust Co.*, 15 So. Rep. [Ala.], 123, which certainly sustains the proposition contended for by the appellant herein; but that decision appears to rest upon the authority of *North American Building Association v. Sutton*, 35 Pa. St., 463, overruling, as it is said, cases in that state asserting a different doctrine. However, that assumption is, we think, due to a misconception of the effect of the case last cited. According to the earlier Pennsylvania cases stock payments by a borrowing member were regarded as credits on his mortgage, reducing *pro tanto* the amount of his indebtedness to the association; and although that doctrine has been modified by *North*

*American Building Association v. Sutton, supra,* to the extent that payments by a borrower on account of his stock are no longer *ipso facto* credits on his mortgage; they may be still so applied at his election, as is evident from the following question from the case mentioned : "What was then said, however [referring to prior decisions of that court], is not to be regarded as laying down the rule that payment of dues on the stock *ipso facto* works an extinguishment of so much of the mortgage. The debtor may so apply it, but the payment itself is not an application of the money to the reduction of the mortgage. * * * The debtor is not compelled to give up his stock whenever suit may be brought upon his bond or mortgage. Such would, however, be the necessity of his case if the law applied, against his consent, the installments paid by him upon his stock to the discharge of his indebtedness for the money borrowed." (See, also, *Watkins v. Workingmen's Building & Loan Association,* 97 Pa. St., 514; *Economy Building Association v. Hungerbuehler,* 93 Pa. St., 258.) The Alabama case is not, it seems, sanctioned either by the weight of authority or the sounder reasoning, as is demonstrated by the opinion of our brother IRVINE above referred to. The motion for a rehearing is accordingly denied.

MOTION DENIED.

HARRISON, J., not sitting.