[No. 2397.  Decided December 15, 1896.]

INTERSTATE SAVINGS AND LOAN ASSOCIATION, *Appellant*, v. EDWARD CAIRNS *et al.*, *Respondents*.

MORTGAGE TO BUILDING ASSOCIATION — PAYMENT.

A borrower from a building and loan association is entitled to a cancellation of the mortgage given by him as security, when the amount paid into the association by him in the way of monthly payments, with interest and premium thereon equals the amount borrowed.

Appeal from Superior Court, Whatcom County.— Hon. JOHN C. DENNEY, Judge.  Affirmed.

Action by plaintiff to foreclose a mortgage. The findings of fact upon which question is raised upon this appeal are as follows, the other findings being merely formal:

"2. That Ewen K. Crosby, since deceased, of whose estate the defendant David R. Crosby is the duly appointed, qualified and acting administrator, and the defendant Edward Cairns became members of the plaintiff association by subscribing for and receiving twenty (20) shares of its capital stock, under date June 10, 1889, and by reason thereof the said Ewen K. Crosby and Edward Cairns were entitled to borrow from the plaintiff on assigning to the plaintiff said stock as collateral security for any loan that might be made by said Cairns and Crosby, from said plaintiff, and in addition thereto giving to plaintiff such additional real estate security as it might require and approve.

"3. That on September 10th, 1889, the said Cairns and Crosby for the purpose of procuring a loan from the plaintiff to the amount of fifteen hundred ($1,500) dollars, assigned to the plaintiff their said twenty (20) shares of stock and executed and delivered to plaintiff their certain promissory note dated on that day, wherein and whereby they jointly promised to pay to the plaintiff sixty-six (66) months after said date, for value received, the said sum of fifteen hundred ($1,500) dollars, with interest thereon at six per cent. per annum, and premium thereon at seven per cent. per annum, both payable on or before the tenth day of each month, and contemporaneously with the execution and delivery of said notes said Edward Cairns and Ewen K. Crosby, and the defendant Lillian Crosby, wife of said Ewen K. Crosby, executed and delivered to plaintiff their certain mortgage covering lots one (1) and two (2) in block twelve (12) of Snohomish city eastern part, in Snohomish county, Washington Territory (now state), which said mortgage was duly acknowledged and certified, and afterwards on September 24th, 1889, was duly filed for record in

the office of the auditor of said county, and was recorded in volume 6 of mortgages at pages 356 to 359, and upon giving said note and said security the said Cairns and Crosby received from plaintiff the said loan.

" 6. That said Cairns and Crosby by themselves and by the personal representatives of said Crosby paid to the plaintiff on account of said loan in numerous installments beginning at the time of receiving said loan and ending on the 15th day of April, 1885, the sum of twenty-one hundred and fifty-seven and 70-100 ($2,157.70) dollars, which said sum paid as it was paid as aforesaid, fully repaid the said loan of fifteen hundred ($1,500) dollars, with interest thereon at six per cent. per annum and premium at seven per cent. per annum from the date of its execution, and left a balance in excess of said sum of more than seventy-five ($75) dollars.

" 7. That the plaintiff by and through its duly authorized agent, John B. Ault, solicited said loan from said Cairns and Crosby and to induce them to make said loan the said Ault represented to them that after giving said security as aforesaid they would repay said loan in full by making to plaintiff sixty-six (66) monthly payments of thirty-one and 25-100 ($31.25) dollars each, together with a small fine for each month in which they might default in prompt payment; that the plaintiff never showed nor caused to be shown to the said Cairns and Crosby or either of them its by-laws or any of the literature promulgated by it prior to the execution of the papers hereinbefore mentioned; that the said Cairns and Crosby relied upon the representations of said Ault in making said loan and that they did since and long prior to the commencement of this action and prior to the 15th day of April, 1895, fully repay said loan in accordance with such representations — i. e., they paid in excess of sixty-six (66) monthly payments of thirty-one and 25-100 ($31.25) dollars each, and all fines properly chargeable to them."

The following are the court's conclusions of law:

"(1) That, by reason of the matters and things set forth in the foregoing findings of fact, the defendants Cairns and Crosby became indebted to the plaintiff on the 10th day of September, 1889, in the sum of fifteen hundred ($1,500) dollars, with interest thereon and premium thereon payable at the rate of six and seven per cent. per annum, respectively; that prior to the 15th day of April, 1892, the said Cairns and Crosby paid, and caused to be paid, the full amount of their said indebtedness to plaintiff, and were thereupon entitled to the cancellation of the note mentioned in the foregoing findings of fact, and to a complete release and discharge of the mortgage therein mentioned."

From a judgment for defendants, plaintiff appeals.

*Shank & Smith*, for appellant.

*Coleman & Hart*, for respondent.

*Per Curiam.*—An examination of the record in this case satisfies us that the findings of fact made by the court below were justified by the testimony, and that the conclusions of law announced were justified by the findings. The defendants, according to the undisputed testimony, borrowed this money on the representations of an agent of the plaintiff, the obligation which they signed was properly construed by the court, and the method of computation that was adopted was the method which carried out the intention of the parties to the contract.

The judgment will be affirmed.