[No. 3451.   Decided May 25, 1900.]

WILLIAM D. HALE, *as Receiver of American Savings and Loan Association, Appellant,* v. LEONARD U. STENGER *et al., Respondents.*

BUILDING AND LOAN ASSOCIATIONS—CONDUCT OF BUSINESS—STATUTES—RETROACTIVE OPERATION.

Bal. Code, §§ 4400, 4402, which require every building and loan association doing business in the state to deposit and keep with the state auditor, or with a duly chartered trust company approved by him, in trust for all of its members and creditors,

all mortgages or other securities received by it in the usual course of business in this state, does not apply to mortgages and securities taken by such associations prior to the passage of said statutes.

SAME—LOANS TO MEMBERS—NATURE OF CONTRACT.

Upon the foreclosure of a mortgage given to a building and loan association by a member thereof, the mortgagor is entitled to have credited on his loan all payments made by him to the association, under whatever name made, whether as premiums, dues, fines or otherwise.

Appeal from Superior Court, Whatcom County.—Hon. HIRAM E. HADLEY, Judge. Reversed.

*Clise & King,* for appellant.

*Fairchild & Bruce* and *Newman & Howard,* for respondents.

The opinion of the court was delivered by

GORDON, C. J.—The appellant is the receiver of the American Savings & Loan Association, a corporation incorporated under the laws of the state of Minnesota, and was appointed by an order of the district court of Hennepin county, in that state. The action is to foreclose a mortgage given to secure the sum of $1,850 loaned by the association to the defendant Stenger in December, 1892. Accompanying the mortgage was an assignment to the association of thirty-seven shares of stock of said association, of the par value of one hundred dollars per share. The loan was made upon the usual terms and conditions common to loans by building associations to their subscribers. The defendants duly and regularly made their monthly payments from the date of their stock subscription, until August, 1894, the aggregate amount of such payments being $1,554, and in addition thereto they paid the interest on the loan calculated at the rate of six per cent. per annum (that being the contract rate) until August, 1894,

the sums so paid as interest aggregating $518.    The court
found that in August, 1894, the defendants offered to sur-
render their stock, "and notified the said corporation that
they so desired to surrender and cancel the stock, and to
have  its value credited upon the said loan and mortgage,
and that they were ready and willing to pay the balance
that might be due on the said loan, and at such time de-
manded that the said plaintiff corporation furnish them
a statement of the amount so due, after allowing the credits
aforesaid; that the said plaintiff corporation accepted the
said notice as an offer to withdraw, and waived all objec-
tions to the form of such notice, and demanded from the
defendants, as the balance due after crediting the defend-
ants with what it alleged was the value of their shares,
the sum of $1,790."    The court also found that at the time
demand was made "the plaintiff corporation was entitled
to demand and receive from the defendants the sum of
$196.27 and no more;" also that "the defendants were
ready, able, and willing to pay the said sum, and ever
since have been ready, able, and willing to pay the sum
of  $196.28;  .  .  .  that the defendants had no
knowledge of the proper amount to tender or bring into
court for the plaintiff until an accounting was had, and
the plaintiff neglected to make such accounting, and has
not made any accounting other than this demand."    The
court also found that the plaintiff had paid taxes on the
mortgaged premises for the years 1896 and 1897, amount-
ing to $119.80, but concluded that the plaintiff was not the
legal owner and holder of the obligation sued on, and not
entitled to maintain and prosecute the action.    Respond-
ents seek an affirmance upon the ground that the plaintiff
is not entitled to any relief because of a failure of the
association to deposit the mortgage in question with the
auditor of state, as required by §§ 4400 and 4402, Bal.
Code, which sections require every building and loan asso-

ciation doing business in the state to deposit and keep with the state auditor, or with a duly chartered trust company approved by the auditor, in trust for all of its members and creditors, all mortgages or other securities received by it in the usual course of business.

The mortgage in question was executed prior to the enactment of the statute just referred to, and the record does not disclose whether since its passage the corporation has done business in this state. But, conceding that it is lawful for the legislature to specify the terms and conditions upon which a foreign corporation may do business in the state, the enactment under consideration could not affect mortgages or other contracts theretofore lawfully entered into. This mortgage was lawful when made, and the act is not to be regarded as applying to mortgages and securities taken prior to its passage. To hold otherwise would be to violate the constitutional provision against the impairment of contracts. *Paul v. Virginia,* 8 Wall. 168; *Bank of Augusta v. Earle,* 13 Pet. 519; *Edwards v. Kearsey,* 96 U. S. 595; *Seibert v. Lewis,* 122 U. S. 284 (7 Sup. Ct. 1190).

This necessitates a reversal of the judgment, and it becomes important to determine the amount for which the plaintiff is entitled to judgment and decree of foreclosure. The current of authority is not uniform as to the application to be made of sums paid by a borrower under similar contracts with such corporations, but we think the tendency of modern authority is in the direction of holding that all such payments, under whatever name made, whether as premiums, dues, fines, or otherwise, are payments upon the loan. In equity the mortgagor is entitled to have them credited accordingly. *Interstate Savings & Loan Ass'n v. Cairns,* 16 Wash. 215 (47 Pac. 509); *Stevens v. Home Ass'n,* 51 Pac. 986; *Fidelity Savings Ass'n v. Shea,* 55 Pac. 1022; *Waverly Loan Ass'n v. Buck,* 64

Md. 338 (1 Atl. 561); *Randall v. National Bldg. Ass'n,* 42 Neb. 809 (60 N. W. 1019, 29 L. R. A. 133); *Same v. Same,* 43 Neb. 876 (62 N. W. 252); *People's Bldg. Ass'n v. Tinsley,* 96 Va. 332 (31 S. E. 508); *Watkins v. Workingmen's Bldg. & L. Ass'n,* 97 Pa. St. 514; *Appeal of Harris,* 3 Atl. 776; *Pryse v. People's Bldg. Ass'n,* 41 S. W. 574; *Rowland v. Old Dominion Bldg. & L. Ass'n,* 115 N. C. 825 (18 S. E. 965); *Strauss v. Carolina Bldg. & L. Ass'n,* 117 N. C. 308 (23 S. E. 450, 30 L. R. A. 693, 53 Am. St. Rep. 585); *Buist v. Bryan,* 44 S. C. 121 (21 S. E. 537, 29 L. R. A. 127, 51 Am. St. Rep. 787); *Sawtelle v. North Amer. S., L., & Bldg. Co.,* 14 Utah, 443 (48 Pac. 211); *People's Bldg. L. & S. Ass'n v. Fowble,* 18 Utah, 206 (53 Pac. 999); *Barker v. Bigelow,* 15 Gray, 130.

There is much authority to the contrary. We think, however, considering the nature and character of the contract, that the true rule applicable to their adjustment is expressed in the Idaho case (*Fidelity Savings Ass'n v. Shea, supra*), where it is said:

" We construe the entire contract to be one of loan; that it was entered into for the purpose solely of borrowing money by one of the parties, and lending by the other; that the relation of corporation and stockholder exists, not in fact, but purely in fiction; and that the object of the plaintiff in entering into the contract was purely for the purpose of increasing its capital by obtaining large returns for the use of its money. In no case where the two relations are blended together as in this case, and the stock and debt are both contemporaneously extinguished by monthly payments upon the debt or upon the so-called stock, will the contract be treated by this court other than a contract of loan."

And we think the authorities above cited abundantly support the doctrine of that case.

We conclude that the judgment of dismissal must be reversed, and that the plaintiff is entitled to judgment

for the sum remaining unpaid as found by the trial court, and also the taxes paid by plaintiff, with interest thereon from the date of payment, and to a decree of foreclosure.

DUNBAR, FULLERTON and REAVIS, JJ., concur.