[No. 3672.   Decided September 13, 1901.]

UNITED STATES SAVINGS AND LOAN COMPANY, *Respondent*, v. WILLIAM PARR *et al., Defendants,* LAURA HARLOWE *et al., Appellants.*

BUILDING AND LOAN ASSOCIATIONS—LOANS TO MEMBERS—NATURE OF
     CONTRACT—RIGHTS OF ASSIGNEE.

Since the contract between a building and loan association and one of its members is merely one of borrowing and lending money, no matter by what name called, an assignee of the contract, although agreeing in his acceptance of the assignment to perform the conditions of the contract according to its terms, is not thereby estopped from claiming that the payments made on stock, fines, penalties and interest fully liquidated the loan, inasmuch as he performed the conditions of the contract according to its terms when the loan was paid in full.

Appeal from Superior Court, Lewis County.—Hon. HENRY S. ELLIOTT, Judge. Reversed.

*A. E. Rice,* for appellants.

*Shank & Smith,* for respondent.

The opinion of the court was delivered by

FULLERTON, J.—The respondent, a building and loan association, brought this action to foreclose a mortgage executed by one William Parr and one John Paterson to it to secure a loan of nine hundred dollars. It recovered a judgment and a decree of foreclosure for the amount demanded. The loan was made upon the usual terms and conditions common to loans made by such associations to their subscribers. The company required the applicants to subscribe for eighteen shares of its capital stock, of the par value of one hundred dollars each, and assign nine

of them to the company absolutely, and the remainder as security for the payment of the loan. After the execution of the mortgage, the mortgagors sold the mortgaged property to the appellant Laura Harlowe, and at the same time made to her an assignment of their interest in the shares of stock held by them in the respondent corporation; the purchaser agreeing, in her written acceptance of the assignment of the stock, to the terms and conditions contained in the certificate thereof, and "to carry out all the terms, covenants and conditions in said assignment contained." The record shows that the payments made on account of the transaction, and credited to payments on stock, fines, penalties, and interest are sufficient to extinguish the loan, if all of them be applied to its liquidation.

In *Hale v. Stenger,* 22 Wash. 516, 699 (63 Pac. 554), and the subsequent cases of *Hopkins v. Hale,* 23 Wash. 790 (63 Pac. 1134), and *United States Savings & Loan Co. v. Owens,* 23 Wash. 790 (63 Pac. 1134), following that case, we held that the contract evidenced by a transaction of this kind was one of loan merely, entered into for the purpose of borrowing money by one of the parties and lending by the other; that the relation of corporation and stockholder was a mere fiction; and that payments made on account of the transaction, no matter by what name called, should be treated as payments upon the loan, and credited to the satisfaction thereof. The rule of these cases is decisive of the case before us, and requires its reversal, unless, as was suggested at the hearing, its facts take it without the operation of the rule. The distinction sought to be made arises from the fact that the appellants are assignees of the original borrowers, and agreed, in their acceptance of the assignment, to perform the conditions of the contract according to its terms; the contention being that, although the original borrowers might have claimed

differently, the appellants are estopped to claim that the contract is other than what upon its face it purports to be. But this contention mistakes the effect of the decisions cited. The court did not by these decisions make a new contract for the parties. It simply construed the contract the parties made, holding it to be one of borrowing and loaning money. Hence, when the loan is paid, its conditions are performed according to its terms, which is all the present assignee agreed to do by her written acceptance of the assignment.

The judgment is reversed, and the cause remanded, with instructions to enter judgment for the appellants to the effect that the respondent take nothing by its action, with costs to the appellants.

REAVIS, C. J., and WHITE, DUNBAR and ANDERS, JJ., concur.