FRANCES M. WORTMAN, APPELLEE, v. HANS H. JESSEN ET AL., APPELLANTS.

159 N. W. 2d 564

Filed June 14, 1968. No. 36850.

Leamer & Galvin, for appellants.

McCarthy & Kneifl, for appellee.

Heard before, WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

SMITH, J.

In purchasing land defendants gave plaintiff seller, Frances M. Wortman, their promissory note in part payment of the price. The note, secured by a mortgage on the land, contained an express condition qualifying defendants' promise to pay. In this suit the district court foreclosed the mortgage, and defendants have appealed. The question relates to excuse for nonperformance of the condition.

The sum payable in the note, dated June 22, 1964, was $5,000 with interest at 2 percent a year. The qualifying condition protected defendants from claims by Frances and her husband, Harry A. Wortman, who was not a party to the sale. Defendants promised to pay on 30 days' notice of any of the following events: "A. Six months after the entry of a final decree in * * * (the divorce suit between the Wortmans), wherein * * * Frances * * * is awarded all of the real estate * * *, and * * * Frances * * *, then as a single person executing a quitclaim deed to the * * * (land) to Hans H. Jessen * * *. B. At any time upon delivery of a quitclaim deed executed by * * * (Frances and Harry) on the * * * (land) to Hans H. Jessen * * *. C. Upon a certificate of death of Harry * * *, and * * * Frances * * * surviving him."

The note also provided: "* * * this note shall become null and void in the event of the death of * * * (Frances) prior to the occurrence of the events described above at A, B or C. * * * in the event that none of the occurrences listed as A, B or C are complied with or occur prior to July 1, 1965, then this note to be void and unenforceable."

The facts have been stipulated, but the stipulation is sketchy. We infer that Frances delivered possession of the land to defendants. On May 7, 1965, the court in the

suit between the Wortmans rendered a divorce decree. We infer that the court awarded the land to Frances and that the decree became operative in November. See § 42-340, R. R. S. 1943. On August 5 a quitclaim deed was executed in Potter County, Texas, by Harry, "formerly the husband of Frances M. Wortman." On August 9 defendants refused Frances' tender of the deed. The condition in the note was not otherwise performed.

No party claimed power to avoid the conveyances. Neither Frances nor Harry had color of title or right to possession when Frances commenced this suit. Defendants were in no position to justify security for title on the ground of an outstanding interest. Indeed they alleged that Frances had no right, title, or interest in the land. The security, $5,000, was substantial, although counsel's statement of a sale price of $13,000 is rejected for lack of evidence.

Defendants' contention concerning nonperformance of the condition is correct. The method of clearing the title did not strictly comply with subparagraph A, B, or C. Frances also failed to perform prior to July 1, 1965, the date when the note by its terms became unenforceable. Defendants concede that passage of time has not increased their risk in the transaction. At the closing no one would have contemplated an increase of defendants' risk by the running of time. The unperformed parts of the condition were penal and excusable.

"A condition may be excused without other reason if its requirement (a) will involve extreme forfeiture or penalty, and (b) its existence or occurrence forms no essential part of the exchange for the promisor's performance. * * * The questions involved are those of degree, and in deciding them some margin of discretion must be allowed to the court. A contract may be framed so that what is in form a condition will, if given effect, involve the consequences of a collateral agreement for a penalty in case of breach. Enforcement of such a collateral agreement is confessedly opposed to public policy

and provisions creating a condition that would produce the same result should be no more operative because put in the form of a condition." Restatement, Contracts, § 302, p. 447. See, also, Randall v. National Building, Loan & Protective Union, 43 Neb. 876, 62 N. W. 252; cf. § 2-302, U. C. C.

"A condition may be as penal in its effects as a promise to pay a penalty. * * * if * * * the promisee is deprived of all rights whatever, though he has materially enriched the promisor, the provision is obviously penal in character." 5 Williston on Contracts (3d Ed.), § 793, pp. 779 to 781.

The judgment is affirmed.

AFFIRMED.

NEWTON, J., not participating.